## LUCE v. BURNET, Commissioner of Internal Revenue.

### No. 5266.

Court of Appeals of the District of Columbia.

Submitted Dec. 10, 1931.

Decided Jan. 18, 1932.

Robert Ash and T. J. Reilly, both of Washington, D. C., for appellant.

Sewall Key, C. M. Charest, and Prew Savoy, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decision of the Board of Tax Appeals (18 B. T. A. 923) affirming a determination of the Commissioner of Internal Revenue under which attorney's fees and earnings of appellant were held to be income and taxable to him under the Revenue Act of 1921 (chapter 136, 42 Stat. 227).

Appellant is a lawyer and a member of the firm of Luce & Kipp, of Rutherford, N. J. On January 1, 1920, he executed an instrument which recited that thereafter "one-half of all net profits, salary, or other compensation or income," which otherwise would accrue to him as a member of the firm, should accrue to him as trustee for the use and benefit of his wife, and that the affairs of the partnership and its accounting with him during each year and at the end thereof were to be conducted as theretofore, as though the trust had not been created, but that at the end of each year he was to account to his wife, as trustee as aforesaid, for "one-half part of the total net profits, salary, or other compensation or income" which on that date had accrued to him according to the books of the firm. The term of the trust was to be limited to the period of the joint lives of himself and wife. On March 5, 1921, he executed a similar instrument covering income from services rendered or performed by him otherwise than as a member of the firm of Luce & Kipp.

For the year 1922 appellant filed an individual return, and, in addition, fiduciary returns as trustee under the foregoing declarations of trust. In her return, his wife accounted for the sums received by her from her husband. The deficiency determined against appellant resulted from the addition to his income of the sum of $7,175.85, reported by his wife as income received by her under the declarations of trust.

The case is ruled by the decision of the

Supreme Court in Lucas v. Earl, 281 U. S. 111, 50 S. Ct. 241, 74 L. Ed. 731, where it was held that the words "income derived from salaries, wages, or compensation for personal service * * * of whatever kind and in whatever form paid," as used in section 213 (a) of the Revenue Act of 1918 (chapter 18, 40 Stat. 1057), which section was re-enacted without substantial change in the Revenue Act of 1921 (chapter 136, 42 Stat. 227), include the income of a husband by way of salary and attorney's fees, and that such income is taxable to him, notwithstanding that by a contract between him and his wife all their several earnings, including salaries and fees, are to be received, held, and owned by both as joint tenants. The court said: "A very forcible argument is presented to the effect that the statute seeks to tax only income beneficially received, and that taking the question more technically the salary and fees became the joint property of Earl and his wife on the very first instant on which they were received. We well might hesitate upon the latter proposition, because however the matter might stand between husband and wife he was the only party to the contracts by which the salary and fees were earned, and it is somewhat hard to say that the last step in the performance of those contracts could be taken by anyone but himself alone. But this case is not to be decided by attenuated subtleties. It turns on the import and reasonable construction of the taxing act. There is no doubt that the statute could tax salaries to those who earned them and provide that the tax could not be escaped by anticipatory arrangements and contracts however skillfully devised to prevent the salary when paid from vesting even for a second in the man who earned it. That seems to us the import of the statute before us and we think that no distinction can be taken according to the motives leading to the arrangement by which the fruits are attributed to a different tree from that on which they grew."

The fees earned by appellant in the practice of his profession are compensation for personal services and taxable to him. "However the matter might stand between husband and wife," he could not escape the tax by an anticipatory contract "devised to prevent the salary when paid from vesting even for a second in the man who earned it."

It follows that the decision must be affirmed.

Affirmed.