## ROSE v. COMMISSIONER OF INTERNAL REVENUE.
### Nos. 6205, 6206.

Circuit Court of Appeals, Sixth Circuit.
June 5, 1933.

John H. Frantz and W. T. Kennerly, both of Knoxville, Tenn. (Frantz, McConnell & Seymour and Kennerly & Key, all of Knoxville, Tenn., on the brief), for petitioner.

Norman D. Keller, of Washington, D. C. (Sewall Key, C. M. Charest, and T. M. Mather, all of Washington, D. C., on the brief), for respondent.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

SIMONS, Circuit Judge.

One of the questions for decision, as in Burnet v. Leininger, 285 U. S. 136, 52 S. Ct. 345, 76 L. Ed. 665, is whether an attempted gift by a partner of a portion of his partnership interest to members of his family resulted in the donees becoming members of the firm, so as to relieve the donor of liability for income tax upon the distributive share of profits growing out of the part conveyed, within the provisions of section 218 (a) of the Revenue Acts of 1921 (42 Stat. 245), 1924 and 1926 (26 USCA § 959 (a). There is also presented a question as in Commissioner of Internal Revenue v. Olds, 60 F.(2d) 252 (C. C. A. 6), whether an attempted gift by the sole owner of a business of an interest therein to members of his family constituted the donees partners in that business. The donor of both interests having died, we have also to decide whether or not the several interests sought to be conveyed remained part of his estate and so subject to the estate tax under the applicable statute. Case 6205 involves deficiency assessments of income taxes, and 6206 a like assessment of estate tax.

The decedent, Dan M. Rose, of whose estate the petitioner is the administrator, was a member of a partnership engaged in the manufacture and sale of lumber, and owned a five-ninths interest therein. He was also individually engaged in the business of selling an "end matcher" machine, which he had

invented and patented. Prior to the conveyances here involved he had given his son (the petitioner) a one-ninth interest in the partnership business. About January 1, 1918, induced by the fact that he owed the same generosity to his wife and daughters, he executed an agreement declaring himself a trustee for his wife of a one-ninth interest during her lifetime, and for each of his daughters of a one-ninth interest, in the partnership business and properties. This agreement, known as the "Tillman Trust Agreement," was duly executed and acknowledged, but not recorded. Subsequently, in 1921, he undertook to make an oral gift to his wife, son, and two daughters, of a one-sixth interest to each in his end matcher business, and later, in 1924, wrote to each a letter confirming the gifts. After the execution of the Tillman trust agreement, capital accounts were set up on the books of the partnership in 1919 and subsequent years showing a sum representing three-ninths of the firm's capital as belonging to him as trustee for his wife and two daughters. Neither the wife nor the daughters ever took an active part in the business, the daughters during most of the time the instrument was in effect residing in Chicago. Prior to the execution of the trust agreement the decedent had regularly paid all their bills. Thereafter bills were sent to him in the same way, and settlement was made by checks of the partnership payable to the decedent as trustee, and indorsed by him and the beneficiary. Entries reflecting these disbursements were made upon the partnership books. Notes covering overdrafts of the beneficiaries were made payable to the decedent as trustee, and by him indorsed and delivered to the firm. All transactions connected with sales of the end matcher machine were carried on through the partnership and reflected on its books under the decedent's personal account, but in separate record books profits from end matcher machine sales were credited in the proportion of two-sixths to the decedent and one-sixth each to his wife, son and daughters. After decedent's death the end matcher patent and business were sold to a corporation, and the purchase money was distributed two-sixths to the petitioner as administrator, one-sixth to him individually, and one-sixth each to his mother and sisters.

At the time the Tillman trust agreement was executed, the D. M. Rose Company, the partnership, consisted of the decedent, his brother, Thomas H. Rose, and the petitioner. While the findings of the board make no response to it, the evidence is uncontradicted and unchallenged that decedent's copartners (his son and brother) knew of the trust agreement, the setting up of capital account on the firm's books showing the interest of the wife and daughters in the firm's business and property, and the distribution to them through the decedent as trustee of a distributive share of the firm's profits.

Notwithstanding this evidence, and the fact that the Commissioner had in respect to 1923 taxes recognized the validity of the trust agreement and its effect in vesting partnership interests in the several beneficiaries therein named, the Board of Tax Appeals, three of its members dissenting, held that whatever rights the decedent's wife and daughters had acquired by the trust agreement or the attempted gift to them of interests in the decedent's individual business were not the rights of partners, but rights to a distribution of the income after it was received by and became taxable to the decedent. We need not at this time pause to consider whether the prior decision of the Commissioner on the partnership status of the parties is conclusive upon him in the absence of any showing of fraud or mistake. See Woodworth v. Kales, 26 F.(2d) 178 (C. C. A. 6). Nor do we consider the effect of a decree in the state court in proceedings to construe the trust, to which the Commissioner was not a party; our decision being otherwise arrived at.

It is settled that assignment of a bare right to income will not relieve the assignor of tax liability thereon. Lucas v. Earl, 281 U. S. 111, 50 S. Ct. 241, 74 L. Ed. 731. This is on the ground that the income is the property of the assignor before any right thereto vests in the assignee. The question with which we are here concerned is whether there was conveyance of the property which produced the income. The so-called Tillman trust agreement contained a covenant on the part of the decedent to stand seized of certain property to the use of his wife and daughters for their several lives. This ancient type of conveyance having the force and effect of a deed, while no longer in general use, is sufficiently recognized by the statutes of Tennessee. Section 7607, Code 1932; Barry v. Shelby, 4 Hayw. (5 Tenn.) 228. That the instrument was not recorded is of no importance. As a conveyance it was good as between the parties, and there is no question here of the rights of third persons without notice. Nor was there any reservation therein of power to modify or revoke, as in the trust instrument involved in Cor-

liss v. Bowers, 281 U. S. 376, 50 S. Ct. 336, 74 L. Ed. 916. The question is therefore narrowed to the effect of the conveyance in constituting the beneficiaries partners in the firm's business and properties.

In the Leininger Case there was an agreement between husband and wife that the latter was to be an equal partner with her husband in his interest in a certain partnership. The court held that the agreement did not make the wife a member of the firm because there was no consent by the other partners to the wife's admission to the partnership, and no attempt to change the ownership of the partnership assets or control of the partnership enterprise; because the firm's income tax returns failed to show the wife a partner; because the husband's undivided partnership interest remained on the firm's books; and because all profits went to the husband and no checks were drawn on the firm to the wife. None of these tests applies to the situation here involved. While no express consent to the transfer of partnership interest was given by the decedent's copartners, there was clearly acquiescence by them, with full knowledge of the facts, in the reorganization of the firm. The changed ownership of partnership assets was set up on the firm's books. While control was still exercised by the decedent, it was exercised, not only in his individual, but also in his trust, capacity. Income tax returns of the firm did not conceal its actual members. The decedent's interest in the firm's capital was reduced on the firm's books by the amount of the interests conveyed. The firm's checks were drawn to the decedent as trustee for the benefit of the beneficiaries, and overdrafts were taken care of by notes deposited with the firm. Finally, in the Leininger Case, it was the husband's interest merely that was made the subject of the partnership agreement. Here the trust agreement specifically conveyed to each grantee an interest in the business and properties of the firm, reciting the properties as consisting of lands, buildings, sawmill, woodworking machinery, and a large amount of lumber. We think this case clearly distinguishable from the Leininger Case, and the Board of Tax Appeals in error in concluding that the decedent had not parted with that portion of his partnership interest upon the income of which the disputed taxes were assessed.

Nor do we think the Board correct in refusing to recognize the decedent's gifts to wife, son, and daughters of interests in his end matcher patent and business. The gifts were oral, but were later confirmed in writing. No bad faith in the making of them was either charged or proved. The decedent had a right to give an interest in his business to his wife and children. Commissioner v. Olds, supra. The end matcher patent and business were his own, so no question of consent by partners is involved. No creditor is attacking the transaction, and, if the gift was made in good faith, the taxing authorities cannot complain. Marshall v. Commissioner, 57 F.(2d) 633 (C. C. A. 6).

Our conclusion is that the orders of the Board of Tax Appeals in case 6205, which involves deficiency assessments of income taxes, should be reversed. Since this disposition is based upon the validity of gifts made by decedent of part of his partnership interest and of his interest in his end matcher patent and business, it follows that the interests conveyed were no longer part of the corpus of his estate at death, and subject to the estate tax. In consequence, the order in case 6206 is also reversed, except in so far as value of contingent remainders may remain subject to tax, and both cases are remanded for further proceedings consistent herewith.