## BALKWILL v. COMMISSIONER OF INTERNAL REVENUE.

### Nos. 6767, 6672–75.

Circuit Court of Appeals, Sixth Circuit.

May 7, 1935.

W. W. Spalding, of Washington, D. C., and W. H. Annat, of Cleveland, Ohio (Camden R. McAtee, of Washington, D. C., and William G. Gibbons, of Cleveland, Ohio, on the brief), for petitioner.

Helen R. Carloss, of Washington, D. C. (Frank J. Wideman, Sewall Key, and J. P. Jackson, all of Washington, D. C., on the brief), for respondent.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

These are petitions to review orders of the Board of Tax Appeals sustaining determinations of the Commissioner holding the petitioner liable for deficiencies in income tax for the years 1922 to 1929, inclusive. The cases involve precisely the same legal question. The proceedings were consolidated before the Board, excepting No. 6767, which was heard after the decision in the other cases. 25 B. T. A. 1147.

The single question presented is whether the Commissioner properly taxed to the petitioner individually his distributive share of income from a partnership. The cases arise out of the following facts:

On December 29, 1919, the petitioner and George C. Lucas formed a partnership under the firm name of the Cleveland Frog & Crossing Company, in which the petitioner owned a forty-four per cent. interest. The partnership functioned during the entire period in controversy here.

A trust agreement was entered into between the petitioner and his brother and sisters on December 29, 1921, in which the parties conveyed to the petitioner as trustee their respective interests in certain properties. As a part of the agreement, the petitioner declared that thereafter he would hold in trust for the equal benefit of the parties his interest in the Cleveland Frog & Crossing Company.

For each of the years from 1922 to 1929, inclusive, the Cleveland Frog & Crossing Company filed a return of income, apportioning its net income between Lucas and the petitioner as partners, according to their respective interests. For each of these years, the petitioner as trustee filed a fiduciary return of income, and also an individual return, reporting as income in his fiduciary returns the amount of his distributive share of profits from the partnership. The Commissioner eliminated these amounts from income reported as accruing to the trust, and added the adjusted amounts to the petitioner's individual income.

The statutes involved are Revenue Act of 1921, c. 136, 42 Stat. 227, 245, 246, 250, §§ 218 (a), (c), 219 and 224, and corresponding provisions of the Revenue Acts of 1924, 1926 and 1928 (Revenue Acts 1924 and 1926, §§ 218, 219, 224, 26 USCA §§ 959, 960 note, 965; Revenue Act 1928, §§ 161 et seq., 181 et seq., 26 USCA §§ 2161 et seq. 2181 et seq.).

The petitioner contends that the orders fail to give effect to section 219, which imposes the tax upon "the income of estates or of any kind of property held in trust," urging that as his share of the income of the partnership is distributable under the trust agreement to the cestuis que trustent, it is taxable under that section only. This contention is untenable, for the reason that the

partnership income was not received from property held in trust. The petitioner acknowledged that he would hold in trust his interest in the partnership and in the real and personal property owned by it, "subject, however, to all the terms and conditions of his partnership agreement" with Lucas. He did not transfer his interest in the partnership real estate by deed. The parties to the trust agreement contemplated that the assets should remain in the partnership, and that the rights of the beneficiaries under the trust were to be those of assignees, thus bringing the case squarely within the doctrine of Burnet, Commissioner, v. Leininger, 285 U. S. 136, 52 S. Ct. 345, 347, 76 L. Ed. 665, which held that "There was no transfer of the corpus of the partnership property to a new firm with a consequent readjustment of rights in that property and management."

The petitioner, during the years in question, remained a member of the partnership. His declaration of trust did not divest him of his rights pertaining to such membership, including his proprietary right to share in the profits. The trust was not substituted as a member of the partnership, either by contract [Cf. Kasch v. Commissioner, 63. F.(2d) 466 (C. C. A. 5)], or by acquiescence with full knowledge of the facts, such as was shown in Rose v. Commissioner, 65 F.(2d) 616 (C. C. A. 6). Lucas had no knowledge of the existence of the trust. Income tax returns made by the firm revealed the petitioner and Lucas as partners. The assignment of the petitioner's interest in the partnership was not mentioned on the firm books. No checks from the firm were drawn payable to the petitioner as trustee. An assignee of a partnership interest receives his income not from the firm, but from the assigning partner. Burnet, Commissioner, v. Leininger, supra; Luce v. Burnet, Commissioner, 60 App. D. C. 393, 55 F.(2d) 751; Battleson v. Commissioner, 62 F.(2d) 125 (C. C. A. 9); Mitchel v. Bowers, Collector, 15 F.(2d) 287 (C. C. A. 2); Lucas, Commissioner, v. Earl, 281 U. S. 111, 50 S. Ct. 241, 74 L. Ed. 731.

In one sense, the income paid the petitioner by the partnership did not inure to him personally. However, the person who receives income is not relieved from the tax because he chooses not to enjoy it; and this is not necessarily changed by the fact that he is deprived of the income by a legal obligation. Cf. Van Meter v. Commissioner, 61 F.(2d) 817, 819 (C. C. A. 8).

Section 218 (a) levies income tax upon individuals carrying on business in partnership, in accordance with their distributive shares of the net income of the partnership. The petitioner, during all this period, carried on business in partnership. The Commissioner properly applied this section in the computation of the tax.

The adjustments made by the Commissioner in determining these deficiencies eliminate the question of double taxation.

The orders of the Board of Tax Appeals are affirmed.