## MILLER v. COMMISSIONER OF INTERNAL REVENUE.

### No. 325.

Circuit Court of Appeals, Second Circuit.

July 9, 1945.

Morris F. Goldstein, of New York City (Abraham P. Insel, of New York City, on the brief), for petitioner.

Harry Baum, of Washington, D. C., Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Robert N. Anderson, Sp. Assts. to the Atty. Gen., for respondent.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

## PER CURIAM.

This case turns wholly upon questions of fact; and those, of a kind which depend for the most part upon how far the judge was willing to take the word of the taxpayer, who personally appeared before him, and was, indeed, the only witness except an accountant. The chief issue was as to whether the taxpayer and his wife had been in partnership, as jobbers in candies, cigarettes and tobacco during 1940, the year of the disputed assessment. The taxpayer's father and he had been partners in the same business throughout the year 1934, and for twenty-five years before, but the father had grown old and wanted to retire. Just when he did so, the record does not disclose; all that positively appears is that in December, 1935, he executed an assignment to the taxpayer's wife of all his interest in the firm. On December 24, 1934, she and her husband had already executed formal articles of partnership, regular upon their face: the firm was to commence business on January 1, 1935, and to last for ten years; the partners were to share equally; the amount of money to be contributed by each was to be "determined subsequently"; neither partner should have any salary; there was to be a single drawing account. The business continued as before: "T. Miller & Son"; and the couple executed, and filed, the certificate required in order to do business under that name. They also commenced actions in their joint names against customers, signed firm notes, and both drew upon the single drawing account, apparently at will. On the other hand, the wife, who was not in good health, came to the business only about once a month; she contributed no capital except through her father-in-law's assignment to her in 1935; no capital was credited to her upon the books even after that; and she rendered no services except that, as the taxpayer nebulously testified, "her advice was very good." Upon this evidence the Tax Court decided that no partnership had ever been formed.

■ It must be apparent that the case presents a question in whose solution we should not intervene. There was an adequate motive for erecting a sham partnership in the opportunity it gave the taxpayer to divide his income and reduce his taxes; and the completeness with which the forms were observed is of no significance, for it is precisely what we should expect, if they were to be only forms. The explanation as to why the wife should have been made a partner at all was altogether unconvincing; it is not too much to say that there really was no explanation whatever. Her supposed contribution of capital never appeared as such in the books, although a set was kept; nor did it tally with the date at which the articles were signed, and it was a very lame answer for the discrepancy of a year, that the father had promised to assign his interest when the supposed new firm was formed. No reason is suggested why he should have delayed at all. The transaction was between a husband and wife, on which the law looks with a justified suspicion, when not accompanied by more persuasive corroboration. Finally, as we have intimated, it is impossible to know how unconvincing the taxpayer himself may have appeared. Unless we must allow ourselves to be fobbed off by an elaborate documentary paraphernalia, because it is completely carried out, it is impossible to upset the finding. Indeed, it shows a curious trust in the efficacy of the written word, that the appeal should have gone beyond the Tax Court.

The next question is of the proper amount to be allowed for the expenses of business travel, of which the taxpayer kept no record. We have several times had this question before us; first in Cohan v. Commissioner of Internal Revenue, 2 Cir., 39 F.2d 540. The Tax Court followed what we there laid down as the proper course, and we have not, since then, had any reason to change our views.

■ The last question is whether the taxpayer should have been allowed certain deductions for interest upon notes which his wife signed and discounted at banks. We must own to some surprise that, after holding that the partnership articles were a sham, and that the business remained the taxpayer's, the judge should have believed that these transactions were not in aid of that business. It is indeed difficult to imagine what use the wife could have had on her own behalf for such large borrowings; and we cannot help believing,

that the real borrower must have been the taxpayer. However, it is true, as the judge said, that the transactions were left vague, and, of course, the form does support the findings. Whether, if we had to deal with only the finding of a district, or of a circuit, judge, like ourselves, we should have felt too much compunction to substitute our own conclusion, we need not say; but we have been too often advised of the immunity which hedges about the Tax Court to venture such an essay here.

Order affirmed.