BRADSHAW v. COMMISSIONER OF INTERNAL REVENUE.

No. 3116.

Circuit Court of Appeals, Tenth Circuit.

July 19, 1945.

Willis W. Ritter, of Salt Lake City, Utah, for petitioner.

Harry Baum, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

This is a petition to review a decision of the Tax Court affirming an income tax.

---

[6] See Bradshaw v. Commissioner, supra.

deficiency determined against petitioner, Stanley Bradshaw, for the year 1940.

In 1920, the petitioner entered the garage business under the name of Bradshaw Chevrolet Company. Later he also embarked in automobile financing under the name of Bradshaw Finance Company. When he entered the garage business he borrowed a considerable amount of money to purchase tools and equipment. The earnings of the business, except $85 per month which petitioner withdrew as salary, were permitted to accumulate. Out of such salary he paid $50 per month on his indebtedness. To aid in maintaining the home, petitioner's wife, Christy Bradshaw, worked as a substitute school teacher, gave private music lessons, and played for dances for a period of about eight years. For a time she also assisted in keeping the books of the business and in sending out statements to the customers.

On April 30, 1937, petitioner and his wife entered into a written partnership agreement which provided that they should engage as partners in the operation of the Chevrolet Company for a period of ten years. It provided that petitioner should have the active management of the business and should receive a salary of $200 per month; that after the deduction of all expenses and petitioner's salary, the partnership profits should be shared equally by petitioner and his wife and should be divided from time to time as they should mutually agree; that each partner should have power to bind the partnership in conducting its business or affairs; and that neither should incur any obligation in excess of $5,000, without the consent of the other.

At the same time the partnership agreement was entered into, petitioner executed a deed to his wife of an undivided one-half interest in the real estate carried on the books of the Finance Company. No written partnership agreement was entered into with respect to the Finance Company. Entries were made on the books of both companies setting up a capital account for petitioner and his wife allocating to each an undivided one-half interest in each business. The petitioner filed a gift tax return in 1938 in which he reported the transfer to his wife of an undivided one-half interest in the Chevrolet Company and the real estate. No tax was paid because of the specific exemption. Prior to the formation of the partnership, the general ledger of the Chevrolet Company reflected a credit balance in favor of Mrs. Bradshaw of $5,345.78. Entries on the ledger indicated that that balance was treated as consideration for the transfer, and that the balance of the one-half interest transferred was a gift.

Mrs. Bradshaw did not file a separate income tax return prior to 1937. For the years 1937, 1938, and 1939, petitioner and his wife filed separate returns in which each reported as gross income one-half of the net income earned by the Chevrolet Company and the Finance Company in such years.

On January 2, 1940, petitioner and his wife executed a deed of gift to their four minor children. It recited that petitioner and his wife were engaged as partners in the operation of a general garage and finance business; that each owned an undivided one-half interest in the partnership; and that they desired to convey and transfer partnership interests to their four minor children so that petitioner, his wife, and the four children would each own an undivided one-sixth interest in the partnership. It purported to convey to each of the four children an undivided one-sixth interest in the respective halves of petitioner and his wife in the partnership assets as of December 31, 1939.

On the same day, petitioner and his wife and the four children executed a partnership agreement. It recited that each had contributed an undivided one-sixth interest in the assets of the partnership; that the partnership should engage in the general garage and finance business; that each should share in the profits and losses in proportion to their respective contributions of capital and should be entitled to such compensation for their respective services rendered to the partnership as might be agreed upon by the partners; and that the management of the partnership should be vested in the petitioner, but on all questions of business management the decision of the majority of the partners should govern.

Following the execution of the partnership agreement, investment accounts were set up on the books of the Chevrolet Company and the Finance Company showing equal contributions to capital by petitioner, his wife, and each of the children. The names of the minor children and their ages at the time of the hearing, December 4, 1943, were as follows: Dorothy, 20; Robert, 17; Marian, 13; Gail, 11. They were approximately four years younger in

1940, when the partnership agreement was entered into.

Petitioner filed a gift tax return in 1940 in which he reported the transfer to the children of such interests in the partnership business.

The wife and the children rendered no services to the partnership during 1940. Petitioner devoted all his time during that year to the partnership.

On January 2, 1940, Chevrolet Company entered into a contract with the Chevrolet Motor Division, General Motors Corporation, which recited that the company was an individual. It was signed "Bradshaw Chevrolet Company, by Stanley Bradshaw."

The net income of the Chevrolet Company for 1940, after deducting petitioner's salary, was $2,310.28. The net income of the Finance Company for that year was $13,790.92. Each of the six partners was credited on the books of the partnership with his respective one-sixth share of the profits. Actual withdrawals by members of the partnership, other than petitioner, were limited to amounts necessary to pay their federal and state personal income taxes. Withdrawals for personal living expenses of the Bradshaws and their children were charged to the drawing account of petitioner. At the end of the year, when the accounts were closed, the capital account of each partner was charged with one-sixth of such withdrawals. A partnership return was filed for the year 1940. Petitioner, his wife, and each of the children filed separate individual income tax returns for 1940 reporting as his or her taxable income one-sixth of the net income of each of the businesses. In addition, petitioner reported his salary.

The Tax Court found the foregoing facts and concluded that, notwithstanding the execution of the instruments of transfer and the partnership agreements, the parties did not intend that any interests should, in fact, pass to the wife and children, or that partnerships should be created, and that petitioner continued to own and control the interests pretended to be transferred and that partnerships were not created. The findings are supported by the evi-

dentiary facts and the inferences which may be drawn therefrom. The question is whether, under controlling law when applied to the findings, the Tax Court reached a permissible result. In other words, has its decision a reasonable basis in law?[1]

Petitioner admitted that tax avoidance was a primary motivating factor in the formation of the purported partnership in 1940. It served no business purpose. Petitioner had the exclusive control and management of the business. He received the only salary and made the only withdrawals of profits, except amounts necessary to pay the income tax liabilities shown by the returns of the other partners. While formal bookkeeping entries were made crediting petitioner, his wife, and the four children with equal shares in the profits of the partnership, the only withdrawals were made by petitioner in the form of salary and for the support and maintenance of the family for which petitioner was personally obligated. In other words, he continued to manage and control the partnership property and to enjoy the economic advantages and the profits flowing therefrom and the wife and the children received only credits evidenced by formal bookkeeping entries.

■ Family partnerships are subject to special scrutiny "lest what is in reality but one economic unit be multiplied into two or more by devices which, though valid under state law, are not conclusive so far as § 22(a) is concerned."[2]

■ Where the formation of a family partnership, as here, serves no business purpose and is entered into solely for the purpose of avoiding income taxes, and where the husband, in keepng with the intention of the parties, continues to dominate and control the partnership property and to enjoy, use, and dispose of the income derived therefrom, he continues to be liable for income taxes on all the profits of the partnership, although he has entered into written instruments legally sufficient, under the provisions of state law, to effectuate gifts to members of his family and create such partnership.[3]

[1] Dobson v. Commissioner, 320 U.S. 489, 501, 64 S.Ct. 239, 88 L.Ed. 248; Bingham's Trust v. Commissioner, 65 S. Ct. 1232; Lorenz v. Commissioner, 6 Cir., 148 F.2d 527; Hamburger v. Commissioner, 6 Cir., 147 F.2d 856; Ty-

son v. Commissioner, 8 Cir., 146 F.2d 50; Hall v. Commissioner, 10 Cir., 150 F.2d 304.

[2] Helvering v. Clifford, 309 U.S. 331, 335, 60 S.Ct. 554, 556, 84 L.Ed. 788.

[3] Earp v. Jones, 10 Cir., 131 F.2d 292;

Here, while the petitioner made formal transfers to his wife and children, he retained every important attribute of ownership with respect to both the corpus and the income therefrom during 1940 and continued to enjoy substantially the same control and economic benefits which he had theretofore enjoyed as sole proprietor. It is not a question of whether he could regain the legal title to the interests transferred to his wife and children, or whether, on dissolution of the partnership, the wife and children could compel distribution to them of their shares of the partnership property, but rather it is a question of who received the income during the year 1940. Since, in keeping with the intention of the parties, petitioner received and enjoyed the use and disposition of that income, it was taxable to him.

The decision is affirmed.

Losh v. Commissioner, 10 Cir., 145 F.2d 456; Tyson v. Commissioner, 8 Cir., 146 F.2d 50; ·Strong v. Commissioner and

Grand v. Commissioner, 10 Cir., 150 F.2d 915; Helvering v. Clifford, 309 U.S. 331, 335, 60 S.Ct. 554, 84 L.Ed. 788.