## LOWRY v. COMMISSIONER OF INTERNAL REVENUE.
## SLIGH v. SAME.
### No. 9920.

Circuit Court of Appeals, Sixth Circuit.

April 3, 1946.

Julius H. Amberg and Philip W. Buchen, both of Grand Rapids, Mich. (Morton Keeney, Philip W. Buchen, of Butterfield, Keeney & Amberg, all of Grand Rapids, Mich., on the brief), for petitioners.

S. Dee Hanson, of Washington, D. C. (Samuel O. Clark, Jr., Sewall Key, Helen R. Carloss, and Harold C. Wilkenfeld, all of Washington, D. C., on the brief), for respondent.

Before SIMONS, ALLEN, and MARTIN, Circuit Judges.

ALLEN, Circuit Judge.

These consolidated cases present the not infrequent situation arising in tax cases out of a change from doing business under the corporate form to doing business under a partnership between husband and wife. Deficiencies determined by the Commissioner for the taxable years 1939 and 1940 against each taxpayer were upheld by the Tax Court.

The taxpayers, O. William Lowry and Charles R. Sligh, Jr., conducted business as a corporation, manufacturing furniture at Holland, Michigan, until 1938. After January, 1937, all of the stock was owned by the taxpayers in equal shares, certain stock then owned by a third party having been bought by them at that time. In connection with that purchase the taxpayers discussed the question of doing business in some manner other than under the corporate form. As testified by both Lowry and Sligh, the primary purpose in their minds was the reduction of taxes because they were considered to be a drain on the business. In this connection they consulted with their tax expert and their attorney as to whether they should form a partnership with their wives. In May, 1937, Lowry transferred half of his stock in the corporation to his wife and made the appropriate gift tax return. Dividends were paid and received by the wife in 1938. In the spring of the same year the question of forming a partnership was again seriously discussed by the taxpayers, their banker, their attorney, their tax expert and their insurance agent. The tax expert advised that the change be made but that the corporation be not dissolved until the Revenue Act of 1938, 26 U.S.C.A. Int.Rev.Acts, page 345, was enacted, and later advised that the change be made in December, 1938.

Accordingly a plan for liquidation of the corporation was adopted early in Decem-

ber, 1938, and a partnership agreement was executed. A few days before this Sligh transferred half of his stock in the corporation to his wife, and filed the appropriate gift tax return. The corporation was dissolved, and all of its assets were transferred to the stockholders. A limited partnership was formed in which the taxpayers were general partners and their wives limited partners. The corporation conveyed to Sligh and Lowry as general partners the land upon which the manufacturing plant was situated, together with all buildings and equipment, and also assigned to them two valuable leases. The five-year term of the partnership could be extended by agreement of the general partners, who were to conduct and manage the business and to be paid salaries such as they should mutually agree. While the profits were to be divided into equal parts for each partner, no profits could be distributed except upon the affirmative decision of the general partners, and undivided profits carried no interest. Upon dissolution, the limited partners had no right to receive any property other than cash, and they were prohibited from withdrawing their "contributions to the firm capital." Sligh and Lowry were given power and authority to establish values upon the firm's books for the assets contributed to the firm "by all the partners." The liabilities of the corporation which were assumed by the partnership amounted to about $47,000, and the general partners obligated themselves to hold the limited partners harmless from liability therefor.

■ The Tax Court found that the wives did not participate in the business; that the gifts of stock to the wives were made pursuant to a plan to form the partnership; that the taxpayers did not relinquish dominion and control over that part of the assets of the business which they purported to transfer to their wives under the gifts of stock in the corporation; that the wives made no real contribution to the capital of the partnership, and the income therefore was taxable to the taxpayers.

We think this case is squarely covered by the recent decision of the Supreme Court in Commissioner v. Tower, 66 S.Ct. 532, announced February 25, 1946. While the taxpayers urge that the cases are distinguishable because the Tower case presented the element of a conditional, and therefore incomplete gift, the Supreme Court (page 534 of 66 S.Ct.) found it unnecessary to decide that issue and supported the decision of the Tax Court, 3 T.C. 396, because of the existence of other factors in the transaction. These were that the wife in the Tower case invested no capital originating with her, made no substantial contributions to the control and management of the business, and performed no other vital additional services. Assuming the validity of the partnership under Michigan law, the Supreme Court pointed out that the husband still created the income, which continued to be used for the same business and family purpose as before. Failure to tax the partnership income to the husband, it was declared, would frustrate the purpose of the federal revenue laws.

■ The situation herein presented is closely analogous to that disclosed in the Tower case. The wives here performed no services whatever. No capital not available for use in the business was brought into the business as the result of the formation of the partnership. As found by the Tax Court, there was no interruption in the business, which continued just as before under the management of Lowry and Sligh. As before, the taxpayers created the income; the only difference was that part of the income was diverted to the wives. The result was "a mere paper reallocation of income among the family members." [66 S.Ct. 538.] Commissioner v. Tower, supra. The fact that the gifts of stock and the partnership were valid under Michigan law, as held in the Tower case, is immaterial here.

■ The taxpayers vigorously contend that the gifts of stock and the formation of the partnership are totally separate proceedings and should not be viewed as a unified transaction, stressing the fact that the gift to Mrs. Lowry preceded by almost a year the gift to Mrs. Sligh. But it was a question of fact whether the various steps in these transactions were separate or part of one plan requiring that they be viewed as a unit. Hence the decision on this point rested with the Tax Court. Commissioner v. Court Holding Co., 324 U.S. 331, 65 S.Ct. 707; Commissioner v. Harmon, 323 U.S. 44, 65 S.Ct. 103; Dobson v. Commissioner, 320 U.S. 489, 501, 502, 64 S.Ct. 239, 88 L. Ed. 248.

The Tax Court's findings are supported by substantial evidence and its decisions are affirmed.