### SEIFERT v. COMMISSIONER OF INTERNAL REVENUE, and two other cases.
### Nos. 10–12, Docket 20143–20145.

Circuit Court of Appeals, Second Circuit.

Oct. 24, 1946.

Raymond E. Hackett, of Stamford, Conn., for petitioner.

Helen Goodner, of Washington, D. C., Sewall Key, Acting Asst. Atty. Gen., and Helen R. Carloss and Harold C. Wilkenfeld, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

PER CURIAM.

The taxpayer appears to suppose that the Tax Court was bound to accept as conclusive the documents which the decedent executed, and disregard all the attending facts: A curious vestigial faith in the power of the written word. The decedent consistently cheated the Treasury in his income taxes, and in addition gave plenty of evidence that he regarded the supposititious gifts as passing no beneficial interest to the donees. Judge Kern, with a solicitude which the situation hardly demanded, went through the maze of fabrication before him with the utmost care, and reached the only conclusion which was rationally possible. There are, it is true, some expressions in the opinion in Marshall v. Commissioner, 6 Cir., 57 F.2d 633, which give a shadow of support to the taxpayer's treatment of a part of the evidence here at bar, but we cannot assent to them; and Smith v. Commissioner, 7 Cir., 59 F.2d 533, the taxpayer's other sheet anchor, is so far afield as not to deserve discussion, except perhaps to observe that, during the fourteen years since it was decided, the scope of our review of orders of the Tax Court has been so straitened that it can scarcely be deemed in any event a valid authority today. Commissioner v. Tower, 327 U.S. 280, 66 S.Ct. 532; Lusthaus v. Commissioner, 327 U.S. 293, 66 S.Ct. 539.

Orders affirmed.