### APPEL v. SMITH, Collector of Internal Revenue.
### No. 9126.

Circuit Court of Appeals, Seventh Circuit.
April 21, 1947.

Clarence R. McNabb and James R. Fleming, both of Fort Wayne, for appellant.

Sewall Key, Acting Asst. Atty. Gen., Frederic G. Rita, of Washington, D. C., Alexander M. Campbell, U. S. Atty., of Fort Wayne, and James E. Keating, Asst. U. S. Atty., of So. Bend, Helen R. Carloss and Norman S. Altman, Sp. Assts. to Atty. Gen., for appellee.

Before EVANS, and MAJOR, Circuit Judges, and BRIGGLE, District Judge.

EVANS, Circuit Judge.

The plaintiff brought suit to recover judgment for $111,493.02 and interest thereon, which sum had been paid by him as Federal income taxes for the years 1939, 1940, and 1941 and which he asserts were improperly assessed against him.

At the conclusion of the trial the Court made findings of fact and conclusions of law in favor of the defendant. Upon a judgment entered in accordance with them, the plaintiff prosecutes this appeal.

There is here involved a factual controversy. Plaintiff insists that the evidence conclusively establishes the existence of a valid partnership made up of his wife and three children and himself, and furnishes no support for a finding that such partnership did not justify tax returns upon the basis of five equal divisions of the profits of the business.

Briefly, the facts: Plaintiff from 1919 until January, 1940, was a dealer in scrap iron at Fort Wayne, Indiana. On the latter date he entered into a written agreement with his wife and three daughters whereby he sold a one-fifth interest in his business to each of them and in writing recognized them as co-partners.

The agreement recited that each was to pay him $6,414.46 for her one-fifth interest and each executed to him her note therefor. The wife and two of his children each paid $200 and another daughter paid $500 into the partnership. Two of his daughters were, respectively, twelve and fourteen years of age. After the execution of this agreement, plaintiff conducted and managed the business as before.

The notes were satisfied when the partners indorsed taxpayer's checks issued to them in payment of the distributive shares of the profits of the business.

During the years 1940 and 1941 the capital employed by the company was $32,073.30. The net profit for 1940 was $60,320.35, and the net profit for 1941 was $153,972.15.

Prior to the execution of this agreement taxpayer maintained a bank account at the Lincoln National Bank at Fort Wayne, Indiana, subject only to his check or to that of his appointee. It continued after the execution of the agreement, under. the same style and the bank received no notice of any change in relation in the partnership. Plaintiff continued in sole control of the management and conduct of the business.

Entries were made upon the company's books to show the distribution of profits to plaintiff and his wife and children. Checks for profits were drawn to the wife and children and were deposited in the bank but in each instance in the name of the individual "by Samuel Appel." He had sole control over these accounts. He withdrew the money from the business account to pay the deficiency income taxes involved in this suit. He charged the same to profits accruing on the books to himself, his wife and his daughters. He gave his note to each of them for $20,000.

On April 1, 1942, a supplementary agreement was executed between plaintiff, his wife and three daughters extending the term of the partnership. It provided for its termination by the plaintiff at any time upon his giving his partners a thirty days' written notice of his intention.

For the tax years 1940 and 1941, plaintiff reported one-fifth of the income of the business as his income. The Commissioner assessed an income tax against plaintiff for all the income of said business. Plaintiff then paid the deficiency and filed timely claims for refund which were denied.

The District Court found that the aforesaid agreement of plaintiff with his wife and children effected no change in the economic status of plaintiff with respect to the business and concluded that the income from the business was properly taxable to the plaintiff in its entirety.

The evidence also showed that plaintiff in 1938 suffered a severe physical breakdown and that he submitted to a major surgical operation involving the removal of a kidney. He earnestly argues that the family partnership was conceived as a result thereof and to protect him and the members of his family and also to obtain the more active co-operation of the members of his family in the business which he had, when in full strength and health, built to a successful state.

As we view the question presented on the appeal, in the light of two recent decisions by the Supreme Court, Commissioner v. Tower, 327 U.S. 280, 66 S.Ct. 532, and Lusthaus v. Commissioner, 327 U.S. 293, 66 S.Ct. 539, the finding of the District Court becomes of controlling importance. We are not confronted by the issue of fact as an original proposition but we are to decide whether there was substantial evidence to support the District Court's finding.

We agree with counsel for appellant that each case must be determined upon the facts in each case. The many decisions cited in both briefs, by the appellant[1] and by the appellee[2] are therefore of little

[1] Rose v. Commissioner, 6 Cir., 65 F. 2d 616; Commissioner v. Olds, 6 Cir., 60 F.2d 252; Kell v. Commissioner, 5 Cir., 88 F.2d 453; Scherer v. Commissioner, 3 T.C. 776; Johnson, Jr. v. Commissioner, 3·T.C. 799; Montgomery v. Thomas, 5 Cir., 146 F.2d 76; Armstrong v. Commissioner, 10 Cir., 143 F.2d 700; Hardymon v. Glenn, D.C., 56 F.Supp. 269; Potter v. Commissioner, 47 B.T.A. 607; Lynch v. Commissioner, 44 B.T.A. 1347; McCullough v. Commissioner, 3 T.C. 1293.

[2] Tinkoff v. Commissioner, 7 Cir., 120

123

help save only the Tower and Lusthaus cases. It is to the facts of the case that we must look.

Our conclusion is that the evidence sustains the finding of the trial judge. The District Judge stated his reasons for reaching his conclusion in a carefully prepared memorandum opinion. 63 F.Supp. 173, 174.

We are unable to escape the conclusion that plaintiff's business, following the beginning of World War II, became suddenly a most profitable one. The family partnership, if successful, would have divided the profits of over $200,000 in two years, into five parts and greatly reduced the taxes. This was the substantial benefit that came from the creation of the partnership. While the desire to secure co-operation of members of his family would not ordinarily be discounted, it is not believed that much help would come to the plaintiff from a partnership into which his twelve year old and his fourteen year old daughters were added. The district judge, appropriately observed: "The legal infirmities attaching to these infant partners together with their inability by reason of their tender years to contribute substantially either capital or services, renders the idea of their becoming real partners in a joint enterprise with their father unconvincing, if not incongruous." Nor was there any change in operation, or management of the business. Moreover, no notices were given to outsiders, not even to the bank.

On the other hand, there were explainable and persuasive reasons why plaintiff went through the outward form of a partnership in the hopes that he might avoid the burden of a heavy income tax.

The judgment is affirmed.

F.2d 564; Argo v. Commissioner, 5 Cir., 150 F.2d 67; Balkwill v. Commissioner, 6 Cir., 77 F.2d 569; Blalock v. Allen, 5 Cir., 151 F.2d 927; Bradshaw v. Commissioner, 10 Cir., 150 F.2d 918; Camfield v. Commissioner, 6 Cir., 154 F.2d 1016; Dawes v. Allen, 5 Cir., 157 F.2d 518; DeKorse v. Commissioner, 6 Cir., 158 F.2d 801; Doll v. Commissioner, 8 Cir., 149 F.2d 239; Earp v. Jones, 10 Cir., 131 F.2d 292; Ewing v. Commissioner, 5 T.C. 1021; Id., 6 Cir., 157 F.2d 679; Grant v. Commissioner, 10 Cir., 150 F.2d 915; Greenberg v. Commissioner, 6 Cir., 158 F.2d 800; Hamburger v. Commissioner, 6 Cir., 147 F.2d 856; Hash v. Commissioner, 4 Cir., 152 F.2d 722; Livie v. Commissioner, 6 Cir., 155 F.2d 728; Lorenz v. Commissioner, 3 T.C. 746; Id., 6 Cir., 148 F.2d 527; Losh v. Commissioner, 10 Cir., 145 F.2d 456; Lowry v. Commissioner, 6 Cir., 154 F.2d 448; Mauldin v. Commissioner, 4 Cir., 155 F.2d 666; Mead v. Commissioner, 5 Cir., 131 F.2d 323; Miller v. Commissioner, 2 Cir., 150 F.2d 823; Schroder v. Commissioner, 5 Cir., 134 F.2d 346; Seibert v. Commissioner, 2 Cir., 156 F.2d 227; Seifert v. Commissioner, 2 Cir., 157 F.2d 719; Sewell's Estate v. Commissioner, 5 Cir., 151 F.2d 806; Supornick v. Commissioner, 8 Cir., 150 F.2d 110; Sweigard v. Commissioner, 3 Cir., 149 F.2d 646; Thorrez v. Commissioner, 6 Cir., 155 F.2d 791; Tyson v. Commissioner, 8 Cir., 146 F.2d 50; Villere v. Commissioner, 5 Cir., 133 F.2d 905; Waldburger v. Helvering, 2 Cir., 131 F.2d 598; Singletary v. Commissioner, 5 Cir., 155 F.2d 207.