**EARP v. JONES, Collector of Internal Revenue.**

No. 2553.

Circuit Court of Appeals, Tenth Circuit.

Oct. 30, 1942.

Rehearing Denied Dec. 10, 1942.
Writ of Certiorari Denied Feb. 15, 1943.

Streeter B. Flynn, of Oklahoma City, Okl. (R. M. Rainey, R. M. Rainey, Jr., and Rainey, Flynn, Green & Anderson, all of Oklahoma City, Okl., on the brief), for appellant.

Earl C. Crouter, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and Samuel H. Levy, Sp. Assts. to Atty. Gen., and Charles E. Dierker, U. S. Atty., and George H. McElroy, Asst. U. S. Atty., both of Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Appellant paid deficiency assessments on his income tax returns for 1937 and 1938 under protest, and then instituted this action to recover the same. He has appealed from an adverse ruling.

On December 1, 1937, by written deed of gift, appellant conveyed to his wife a one-half interest in his insurance business which he had been conducting in Oklahoma City as sole owner, under the name of Ancel Earp and Company. In consideration of the gift, she released her claim to any or all of his estate at the time of his death, and agreed that he might dispose of it as he saw fit. On the same day, he and his wife then entered into a written partnership agreement under which they became copartners in the business under the same firm name. The old agency contracts were canceled and new ones were executed with the partnership. Partnership books were opened and kept, reflecting the interests of the two partners.

The government's position is that the partnership arrangement effected no sub-

■ **293**

stantial change in appellant's status within the meaning of the provisions of the applicable revenue statute and that therefore he is chargeable with the entire taxable income from the business.

It may be conceded that the arrangement is sufficient to constitute a legal partnership under Oklahoma law. It remains only to inquire if it is sufficient to effect a change in appellant's economic status for income tax purposes under the federal income tax law.

Section 181 of the Revenue Act of 1936, 49 Stat. 1648, 1709, 26 U.S.C.A. Int.Rev. Code § 181, provides that: "Individuals carrying on business in partnership shall be liable for income tax only in their individual capacity."

■ The Supreme Court has quite clearly laid down the principles which must guide us in the determination of this question. In Harrison v. Schaffner, 312 U.S. 579, 61 S.Ct. 759, 85 L.Ed. 1055, in considering a gift of income by assignment, the court held that the operation of the taxing statute was not controlled by *attenuated subtleties*, but rather by the import and reasonable construction of the Act; that the court was not so much concerned with the refinements of title as with the command over the income. Concerning attempts to avoid the effect of a taxing statute by various devices, the court held that one having the right to enjoy income could not escape the tax by any kind of anticipatory arrangement, however skilfully devised, by which he procured payment to another. In Burnet v. Leininger, 285 U.S. 136, 52 S.Ct. 345, 76 L.Ed. 665, one partner conveyed one-half of his interest in an existing partnership to his wife. In upholding the right of the government to tax the entire income of his share to him, the court stressed the fact that there was no readjustment of rights in the partnership property and *management*.

■ In Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731, the court stressed the power to tax income to him who earns it, and stated that no anticipatory arrangement, no matter how skilfully devised, can avoid this. The court said that the fruit must be attributed to the tree on which it grew. In Gregory v. Helvering, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596, 97 A.L.R. 1355, the court held that while a taxpayer was free to choose

any organization for the conduct of his business, the government was not bound thereby; that it could look to the actualities and that if it found the form for doing business unreal or a sham, it was free to disregard the effect of the fiction as best served the purpose of the tax statute. In Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788, the court held that multiplying one economic unit into two or more by devices, although valid under state law, would not be conclusive on the federal government under the federal income tax law.

■ A careful examination of the record leads us to conclude that no substantial change was effected by these arrangements. For all practical purposes appellant surrendered nothing. It is urged that after forming the partnership his rights in the property were different; that his wife had the right to demand an accounting or even a dissolution of the partnership and a division of the property. But these rights were more fanciful than real, for while the partnership agreement gave her full rights of management and control with him, it was not intended that she should have any voice in the business. No license to sell insurance was issued to her, because, as appellant testified, "We didn't intend for her to have one." The purpose of the partnership was not to create and carry on a new joint enterprise or to unite their joint efforts and substance in a new undertaking. She took no part in its management or affairs. She was a housewife who had devoted her life to her house and her family. This she continued to do thereafter. She contributed nothing of her own to the partnership. All she contributed was the one-half of the insurance business which she had that day received as a gift from the owner of the business for the purpose of placing it back in the business in the form of a partnership. It is argued that she was entitled to and received her share of the profits. The undisputed facts show that prior to the partnership arrangement, appellant had provided her with $400 per month for the support of the family. These payments were continued after the partnership. But apparently all sums credited to her during 1938 as her share of the profits were used by her for the same purposes. During 1938 she was charged on the partnership books with the sum of $5,299.84. Of this sum, $3,950 was borrowed by appellant.

This money which he borrowed was not even deposited in her account. He testified that he took it out of the business the same way that he took money out of the business prior to December 1, 1937. Apparently she was not consulted either about the sums that were charged to her or the loans that were made in her name. It is doubtful if she knew that she was receiving the money or that the loans were being made. He simply took the money, gave her a note, and charged her with it on the books of the company.

While she purported to release her right to inherit his estate at his death and granted him the right to dispose of the estate as he saw fit, it clearly appears that the parties did not contemplate that this would be done. Prior to these transactions, they both had made wills in which they had named the other as the sole beneficiary of all the estate. No doubt to remove any uncertainty as to the effect of the deed of gift and the partnership agreement on these wills, they redrew and re-executed them after the execution of the partnership agreement, again naming each other as the sole beneficiary in their wills; so that if she survived appellant she would still inherit all his property, the same as before.

The apparent purpose of the partnership was not the creation and carrying on of a new joint enterprise or uniting their joint efforts or substance in a new undertaking. The real purpose of the partnership was to minimize income taxes. It is well settled that it is not unlawful to avoid the attachment of taxes. When a new tax comes into existence one is free to arrange or change his method or mode of operation to avoid the attachment of the tax or minimize the effect thereof. The change must, however, be real and substantial. One may not merely change the form but do business in substantially the same way. An essentially new and different economic unit must be formed. This appellant failed to do. All he did was to clothe himself in the cloak of a partnership, but when the cloak was removed, there stood the same individual, doing business in substantially the same way, and, for all practical purposes, unimpeded or unhindered by any restriction which usually flows from a partnership relation. For all practical purposes, he surrendered nothing. He still was monarch of all he surveyed.

Our attention is called to the case of Ledbetter v. Commissioner, decided January 19, 1942, where a contrary decision was reached by the Board of Tax Appeals on what is claimed to be an identical state of facts. We have examined the Ledbetter case, and in the interest of brevity, it is sufficient to say that in our view the facts there are distinguishable from the facts we have before us here.

Affirmed.