## MEAD v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10407.

Circuit Court of Appeals, Fifth Circuit.

Nov. 7, 1942.

324

Fred S. Ball, Jr., of Montgomery, Ala., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and Helen R. Carloss, Sp. Assts. to the Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John T. Rogers, Sp. Atty., Bureau of Internal Revenue, all of Washington, D. C., for respondent.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

Prior to December, 1936, A. M. Mead owned all of the capital stock of Mead & Charles, Incorporated, except qualifying shares owned by Mead's wife and T. T. Charles. As of December 31, 1936, Mead purchased Charles' interest and dissolved the corporation, at the same time conveying by gift to Mrs. Mead sufficient assets of the business to make her an equal owner with him. It is claimed that the business was continued as a partnership. The question for decision is whether the income therefrom for the calendar years 1937, 1938, and 1939 should be taxed to Mr. and Mrs. Mead equally, as partners, or whether Mr. Mead alone should be taxed upon the entire income.

Taxation being a practical matter in which substance controls over form, the question turns upon whether the business was in reality a genuine partnership or was operated in partnership form for the purpose of tax avoidance.[1] If it was a bona fide partnership and the income thereof represented a mutual investment of capital or services by the partners, such income was divisible between the two for tax purposes; but, if everything of value to the business was contributed by one of them, all of the profits were actually earned by that individual and were properly taxable solely to him.[2] The finding of the Board of Tax Appeals that in reality the business was not a partnership is binding upon this court if supported by substantial evidence.

Mead & Charles, Incorporated, was a corporation engaged in the general insurance and real estate business. As president and general manager of the corporation, Mead was paid a salary of $10,800 in 1936. Upon dissolution of the corporation and creation of the partnership, neither partner received a salary, but Mr. Mead was provided a drawing account under which he withdrew $9,771.61 in 1937, in which year the net income was $10,504.21; and $12,707.04 in 1938, when the net income was $13,485.60. Mrs. Mead had no drawing account, and Mr. Mead deposited approximately $3,000 of the sums withdrawn by him each year to a checking account standing in her name, this being the amount customarily given by him to his wife for household expenses.

By the terms of the partnership agreement, the active management of the business was vested in Mr. Mead, and he was given unlimited authority to conduct its affairs as he desired. Mrs. Mead never took any active part in the management of the business, but she was told of any major changes contemplated or undertaken. A book adjustment of the net profits of the partnership was made at the end of each

[1] United States v. Phellis, 257 U.S. 156, 42 S.Ct. 63, 66 L.Ed. 180; Weiss v. Stearn, 265 U.S. 242, 44 S.Ct. 490, 68 L. Ed. 1001, 33 A.L.R. 520; Gregory v. Helvering, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596, 97 A.L.R. 1355; Higgins v. Smith, 308 U.S. 473, 60 S.Ct. 355, 84 L. Ed. 406; Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788; Tinkoff v. Commissioner, 7 Cir., 120 F.2d 564, certiorari denied 314 U.S. 581, 62 S.Ct. 173, 86 L.Ed. 470.

[2] Lucas v. Earl, 281 U.S. 111, 50 S. Ct. 241, 74 L.Ed. 731; Corliss v. Bowers, 281 U.S. 376, 50 S.Ct. 336, 74 L.Ed. 916; Griffiths v. Commissioner, 308 U.S. 355, 60 S.Ct. 277, 84 L.Ed. 319; Jones v. Page, 5 Cir., 102 F.2d 144; Covington v. Commissioner, 5 Cir., 103 F.2d 201.

year, but no actual equal distribution to the partners was ever made.

It thus appears, or at least the Board had the right to infer from the evidence, that Mrs. Mead made no actual contribution to the capital of the partnership, contributed no services, had no voice in the conduct of the business, and received a portion of the profits, not as a partner, but only by reason of her marital relationship. The finding of the Board being supported by substantial evidence, its decision is affirmed.