## VILLERE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10460.

Circuit Court of Appeals, Fifth Circuit.

Feb. 16, 1943.

Edwin H. Grace, of New Orleans, La., for petitioner.

Irving I. Axelrad and Sewall Key, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, and John T. Rogers, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

PER CURIAM.

Two brothers orally agreed that the salary and other earnings of each should be pooled and each should have half. During the tax years one, the taxpayer here, earned a considerable salary as an officer of a corporation, a large share of whose capital stock stood in his name. There were also dividends received by him on this stock. The other brother earned but little. They made as a partnership an information income tax return, and the taxpayer returned for taxation only half of his salary and dividends. The Commissioner, sustained by the Board of Tax Appeals, held the whole of them taxable to taxpayer. We agree. The contract to share personal earnings is not a true partnership, but an anticipatory assignment of income which when it accrues belongs to him who earned it; and it should be taxed accordingly. Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731; Burnet v. Leininger, 285 U.S. 136, 52 S.Ct. 345, 76 L.Ed. 665; Saenger v. Commissioner, 5 Cir., 69 F.2d 631.

The dividends prima facie belonged to him in whose name the stock stood. They were paid to him. It does not clearly appear what he did with them. The evidence is not plain enough that taxpayer did not really own the stock for us to overturn the fact finding of the Board.

Affirmed.