### SCHRODER v. COMMISSIONER OF INTERNAL REVENUE.
#### No. 10469.

Circuit Court of Appeals, Fifth Circuit.

March 12, 1943.

form of entering into a business partnership, they did not, in fact, intend, they did not, in fact, create, one. The Board pointed out: that during the years of the supposed partnership, petitioner's wife had no drawing account on the books but all withdrawals were charged to petitioner; that she had no control over, and did not participate in any way in, the operation of the business Cf. Utter v. Irvin, 5 Cir., 132 F. 2d 416; that, though the business had some physical assets, its earnings were mainly, indeed, almost entirely, due to the personal activities and abilities of petitioner, a mechanical and electrical engineer, and the business was essentially his. It found that no true partnership for the operation of a business enterprise was formed by, or resulted from, the arrangement, but only a partnership in tax avoidance, a partnership for the sharing for tax purposes of petitioner's earnings.

Citing Griffiths v. Commissioner, 308 U.S. 355, 60 S.Ct. 277, 84 L.Ed. 319, and Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788, and quoting from. Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655: "The dominant purpose of the revenue laws is the taxation of income to those who earn or otherwise create the right to receive it and enjoy the benefit of it when paid", the Board thought and held that this was another abortive attempt to separate tree and fruit within the rule of the Earl case.[1] On the basis of its findings, we think and hold so too. The comprehensive scope of the rule in Earl's case, to strike down all efforts to separate for income tax purposes future earnings from their earner, future income from the thing or person that produces it, in short, the tree from its fruits, has not been escaped by the device employed here. This is not to say that a husband and wife, merely because of their relation, may not in Alabama, where a partnership between husband and wife is recognized as valid, Marcum v. Smith, 206 Ala. 466, enter into a partnership which will be valid for income tax purposes. It is to say though that no device or arrangement, whatever the name or form employed, can make future earnings taxable to any but the real earner of them, and that this is a case for the application of the rule.

The judgment of the Board was right. It is affirmed.

H. C. Kilpatrick, of Washington, D. C., for petitioner.

Joseph M. Jones and Sewall Key, Sp. Assts. to Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Bernard D. Daniels, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

This is another of those efforts to make future returns from personal services taxable to some one other than the real earner of them. Cf. Saenger v. Commissioner, 5 Cir., 69 F.2d 631; Walter P. Villere v. Commissioner, 5 Cir., 133 F.2d 905. Like that in Mead v. Commissioner, 10 Cir., 131 F.2d 323, it takes the form of a marital partnership. The Board, in an unreported opinion, determined as a fact, that, though petitioner and his wife went through the

---

[1] Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731.