ARGO v. COMMISSIONER OF INTERNAL
REVENUE.

No. 11276.

Circuit Court of Appeals, Fifth Circuit.
June 20, 1945.

Writ of Certiorari Denied Nov. 5, 1945.
See 66 S.Ct. 144.

Douglas Arant, of Birmingham, Ala., and H. Cecil Kilpatrick, of Washington, D. C., for petitioner.

Helen R. Carloss, Sewall Key, and Leonard Sarner, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Rollin H. Transue, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before HOLMES, McCORD, and LEE, Circuit Judges.

McCORD, Circuit Judge.

The two appeals involve income tax liability of petitioner for the calendar years 1938, 1939 and 1940, and were consolidated for hearing before the Tax Court, and on appeal for review are before this court in one record.

The questions presented and upon which decision must turn are (1) Whether the Commissioner is precluded from attacking the recognition of a family partnership for tax purposes for the years 1938, 1939 and 1940 by reason of the judgment of the District Court in favor of taxpayer against the Collector for recovery of income taxes for the year 1937; and (2) whether there is any warrant in the record for the Tax Court's conclusion that a family partnership arrangement involving the taxpayer, his wife and three children could not be recognized for tax purposes, and hence the income from the business for the years 1938, 1939 and 1940 remained taxable as against the taxpayer under Section 22 (a) of the Revenue Act of 1938 and of the Internal Revenue Code, 26 U.S.C.A. Int. Rev. Code, § 22(a).

The important facts disclose that taxpayer owned all the capital stock in the Birmingham Electric & Manufacturing Company, a corporation, organized under the laws of Alabama, and engaged in the business of repairing and rebuilding electrical machinery and equipment. The business, while operated as a corporation and

as an unincorporated business, was of the type requiring technical knowledge. Taxpayer is a graduate electrical engineer and has been engaged in that profession since the year 1912. He was president of the corporation and received a salary of $12,000 for the year 1936.

In the year 1936, after taxpayer had discussed with an attorney, an auditor, and a certified public accountant the question of dissolving the corporation and forming a partnership, at which time the possibility of saving in income taxes was also discussed, taxpayer dissolved the corporation and formed a partnership consisting of himself, his wife, and three children. The respective ages of the three children at the time were eighteen, sixteen and seven years. The agreement provided that taxpayer would receive a salary of $6,000 per year and the remainder of the income from the business would be divided into four equal and separate parts, which would be paid over to the wife and three children. Taxpayer did not execute any deed, bill of sale, or other written form of conveyance transferring any interest in the business to his wife or children, but the oral agreement discloses that he gave a one-fifth interest to each of them. Thereafter, taxpayer continued to handle and control the affairs of the company as he had in the case of the corporation with the right to operate it as he saw fit. The wife and the two elder children performed some work after the alleged partnership had been formed, but it was negligible; the services of the wife were no more than that which she had performed for her husband in the service of the corporation, and the two elder children attended school throughout the period here under consideration and performed only meager work for the business.

After the partnership was formed, taxpayer in making financial statements for the bank and in paying taxes would designate himself as owner of the business.

The petition covering the years 1938 and 1939 was filed February 21, 1942. The petition covering the year 1940 was filed on August 24, 1942.

The Tax Court held that the judgment of the District Court against the Collector was not res judicata in the present suit against the Commissioner, that the partnership was not required to be recognized for tax purposes.

While the amendment to Section 3772 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3772, would not apply to the first petition covering the years 1938 and 1939, we prefer to rest our decision on the fact that taxpayer nowhere shows in this record that the evidence is the same as that presented to the jury in the 1937 tax case. The charge of the Court and the entire record evidence of that case is not to be found here. In order to work an estoppel by judgment the controlling factual identities must be clearly shown by taxpayer and, if the record is uncertain on this point, as here, the whole subject matter is open to a new determination. We are of opinion that the verdict of the jury finding that taxpayer was a partnership in the year 1937 cannot, without more, support taxpayer's defense of res judicata or estoppel.

"Controlling facts of identity, for purposes of res judicata, must be clearly shown and cannot rest upon mere assertion or speculation." Leicht v. Commissioner of Internal Revenue, 8 Cir., 137 F.2d 433, 436; Campana Corporation v. Harrison, 7 Cir., 135 F.2d 334, 336; Stoddard v. Commissioner of Internal Revenue, 2 Cir., 141 F.2d 76, 80.

The evidence is virtually without dispute that the earnings of the taxpayer were approximately 50 per cent of the physical assets of the business. Form must yield to substance where the question of the real earner of the income arises under the Revenue Law. Earp v. Jones, 10 Cir., 131 F.2d 292.

Tax cases do not come to us by way of first impression. We are not permitted to follow certain inferences and factual conclusions which impress or appeal to us and rest decision thereon. If there is substantial evidence before us to warrant the findings and judgment of the Tax Court it becomes our duty to approve such decisions. Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731; Earp v. Jones, 10 Cir., 131 F.2d 292; Mead v. Commissioner of Internal Revenue, 5 Cir., 131 F.2d 323; Schroder v. Commissioner of Internal Revenue, 5 Cir., 134 F.2d 346; Commissioner of Internal Revenue v. Scottish American Investment Co., 323 U.S. 119, 124, 65 S.Ct. 169.

The judgment of the Tax Court is affirmed.