## SEWELL'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 11388.

Circuit Court of Appeals, Fifth Circuit.

Nov. 9, 1945.

Rehearing Denied Dec. 28, 1945.

O. C. Hancock and Clifford R. Wheeless, both of Atlanta, Ga., for petitioners.

John F. Costelloe, Sewell Key, and Helen R. Carloss, Sp. Ass'ts to Atty. Gen. and Samuel O. Clark, Jr., Asst. Atty. Gen., for respondent.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

The three Sewell Brothers, who owned virtually all the stock in the Sewell Manufacturing Company, a corporation engaged in the manufacture of men's and boys' clothing, entered into an agreement and made over to their wives by way of alleged gifts, certain stock in the corporation.

This appeal involves income tax liability of the estate of R. A. Sewell, deceased, for the calendar years 1934, 1935, 1936 and 1937. The questions presented are: (1) Whether a gift of 1000 shares of corporate stock in the Sewell Manufacturing Company in 1934, and 300 additional shares in July 1936, were bona fide gifts, such as would transfer the income tax liability to the donee; and (2) Whether in 1936 and 1937 the business carried on under the name of Sewell Hat Manufacturing Company and Sewell Hats, Ltd. was a partnership or a business owned only by R. A. Sewell.

The important facts are that on January 2, 1934, R. A. Sewell issued to his wife, Josephine M. Sewell, 1,000 shares of stock in the Sewell Manufacturing Company, and at the same time cancelled on the books of the corporation 1,000 shares standing in his own name. Actual delivery of these stock certificates was not made, but Joséphine M. Sewell was informed by her husband that such transfer had been made. Later, on July 31, 1936, 300 additional shares were issued to Josephine M. Sewell, and a like number standing in R. A. Sewell's name were cancelled. These stock certificates were never delivered to Josephine M. Sewell, and were not detached from the stubs, but were left in the vault of the company. While Josephine M. Sewell had access to the company vault where the stock certificates were kept, she took no part in the business and left the management and control entirely to her husband. The evidence further shows that the certificates were endorsed in blank by Josephine M. Sewell sometime before they were sold, the exact time being uncertain. Moreover, the dividends from the stock were never drawn out by Josephine M. Sewell,

but were credited to her account on the company books.

In the year 1935 R. A. Sewell engaged in the hat manufacturing business and in that year and in 1936 approximately $222,255.-44 was taken out of the account of Josephine M. Sewell and placed to the credit of her husband. The only other debit to the wife's account was for about $520.00, which represented payment by her of taxes, R. A. Sewell used this money from his wife's account and some from his personal account for going into the hat business. Josephine M. Sewell made sales and pledges of her stock, and the proceeds therefrom was placed to the credit of R. A. Sewell.

An investigator of the Department of Revenue testified that he interviewed Josephine M. Sewell and that she informed him that she had not made a loan to her husband; that later she conferred with her accountant and thereafter informed the investigator that she had loaned money to R. A. Sewell. In the fall of 1935 R. A. Sewell became very ill and made a deed of the hat business to his brother. Upon his recovery the business was reconveyed to him at his request in the year 1936. It is not contended that Mrs. Sewell was a partner in the business in 1935, but there is evidence of an oral partnership in 1936. However, in that year, R. A. Sewell in making financial statements for credit purposes represented himself to be the sole owner of the hat business.

In 1937 the books of the hat company were changed to show that a family partnership had existed since January 1, 1936. The wife was represented as giving $15,-000 to each of the four children. On July 1, 1937, a written limited partnership agreement was entered into by R. A. Sewell, his wife, Josephine M. Sewell, both individually and as trustees for their four children.

■ Among the indispensable conditions of a valid gift is the intention of the donor to absolutely and irrevocably divest himself of title, dominion and control of the subject of the gift, Allen-West Commission Co. v. Grumbles, 8 Cir., 129 F. 287; Basket v. Hassell, 107 U.S. 602, 614, 2 S. Ct. 415, 27 L.Ed. 500; Weil v. Commissioner, 5 Cir., 82 F.2d 561.

■ Whether or not there was a valid gift here depends upon the intent of R. A. Sewell in making the gift. This, of course, was a question of fact that the tax court has answered adversely to the contention of the petitioner.

■ The conclusion of the tax court on the invalidity of the family partnership is equally well founded in law and fact. The funds that went into the establishment of the alleged partnership were the money and property of the husband, under the decision of the tax court. All the evidence leads to the conclusion that R. A. Sewell was the sole owner of the hat business during the taxable years here under consideration.

We are of opinion and so hold that the decision of the tax court is supported by substantial evidence. Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731; Earp v. Jones, 10 Cir., 131 F.2d 292; Commissioner v. Scottish American Investment Co., 323 U.S. 119, 124, 65 S.Ct. 169; Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655; Schroder v. Commissioner, 5 Cir., 134 F.2d 346; Argo v. Commissioner, 5 Cir., 150 F.2d 67.

The judgment of the tax court is affirmed.