## SCHERF v. COMMISSIONER OF INTERNAL REVENUE.

### BARNES et al. v. SAME.

### No. 11855.

Circuit Court of Appeals, Fifth Circuit.
May 16, 1947.
Rehearing Denied June 17, 1947.

---

496

W. H. Albritton and Robert B. Albritton, both of Andalusia, Ala., for petitioners.

Sewall Key, Acting Asst. Atty. Gen., Hilbert P. Zarky, Robert N. Anderson and Harry Baum, Sp. Assts. to the Atty. Gen., J. P. Wenchel, Chief Counsel, Bureau Internal Revenue, and John M. Morawski, Sp. Atty., Bureau Internal Revenue, both of Washington, D.C., for respondent.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

What is in controversy here is the tax liability for 1940 of petitioners on account of income derived from a pants manufacturing business.

Taxpayers, John Scherf and George H. Barnes, were until May 15, 1940, equal business partners in name and in fact, engaged under the firm name of S & B Manufacturing Company in the manufacture and sale of work pants. On May 16, of that year, Barnes gave to each of his two minor daughters, and Scherf to each of his two sons, a one-sixth interest in the business assets and property of S & B, and thereafter the two partners and the four children entered into what purported to be a new partnership agreement for the future conduct of the business.

In returning the income from the business for 1940, taxpayers reported the part of it attributable to the period up to May 16, 1940, as distributable one-half to each of them, and that part attributable to the balance of the year as distributable to taxpayers and their children in equal one-sixth shares.

The Tax Court found [1] that the arrangements taxpayers had made, though taking the form of a partnership had not in fact resulted for federal income tax purposes in creating one, because they had been entered into not with the purpose, expectation, or result of obtaining economic or business advantages, but for the purpose merely of enabling taxpayers to reduce their taxes on future income from their business by dividing the income with their children. On these findings and on the authority of Commissioner v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670, 164 A.L.R. 1135, and Lusthaus v. Commissioner, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679, it sustained the commissioner's determination.

Urging that the Tax Court has refused to give effect to the undisputed facts that taxpayers made to their children effective gifts of interests in the business and thereafter entered into binding partnership agreements precisely fixing the shares in the business of each partner in the earnings of the business, and has misconstrued

and misapplied the Tower and Lusthaus cases, taxpayers are here insisting that the judgment may not stand.

The commissioner urges that this is just another of those abortive efforts, of which the books are full, to make effective for tax purposes an arrangement entered into not for business purposes and upon business considerations to create and operate a business partnership but one to create a partnership in tax reduction, a partnership in short for sharing taxpayers' income from the business in order, and only in order, to reduce the taxes they would in the future pay on income derived from it.

Taxpayers agree with the commissioner that no device or arrangement, be it ever so shrewdly and cunningly contrived, "can make earnings from personal services taxable to any but the real owner of them, can make future incomes from property taxable to any but the owner of the right or title from which the income springs". They insist, however, that the business in question here is not a personal service but a manufacturing business requiring and using capital to run it, and that the income from it is income not from services but from the capital invested. They insist, too, that the effect of the transfers to the children was to make them owners, to the extent of their interest, of the right or title to the property, from the use of which the income has sprung. In effect they argue that for tax purposes, the situation is the same as it would be if the business were owned and conducted by a corporation and the transfer had been of shares in it.

We think this is an over simplification, indeed a distortion, of the situation the facts present. It disregards the fundamental differences in fact and in law between partnerships and corporations, and the fundamental distinctions the income tax law makes as to income earned by and through them. As to corporations, the statutes taxing them recognize them as entities and tax them as such.

■ As to partnerships, the taxing statutes do not recognize or tax them as entities separate from the partners.[2] They specifically provide that individuals carrying on business in partnership shall be liable for income taxes only in their individual capacities.[3] If the business in question were conducted by a corporation the corporation would be taxed on its earnings, and the stockholders would be taxed only on dividends distributed to each. Since it is conducted by a partnership, the business as such, and the partners as such, pay no taxes. Each partner as an individual pays taxes on his distributive share of the net income from the business whether distributed or not. A partnership, then, is, for tax purposes, neither more nor less than an aggregation of individuals who have pooled skill, services, or capital, or all three, for the purpose of making individual incomes. These incomes are returnable by them individually, and the taxes on them are due and payable by each only in his individual capacity.

In determining tax consequences arising out of efforts to form partnerships, therefore, analogies are to be mainly sought and found not in cases dealing with corporations and their business activities but in those dealing with individuals and their business activities. If this is so, and we think that it may not be doubted that it is, it ought to be clear that the device of using the partnership form to separate the tree from its fruits, the earner from the income, will be no more effective in fact and in law than similar and related schemes of individuals have been. Textbooks and decisions on tax law are strewn with the wrecks of abortive schemes of individuals to achieve the greatly desired end of dividing their income for tax purposes with persons who did not earn it.

■ Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731; Corliss v. Bowers, 281 U.S. 376, 50 S.Ct. 336, 74 L.Ed. 916; Burnet v. Leininger, 285 U.S. 136, 52 S.Ct. 345, 76 L.Ed. 665; Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655; Helvering v. Eubank, 311 U.S. 122, 61 S.Ct. 149, 85 L.Ed. 81, and Harrison v. Schaffner, 312 U.S. 579, 61 S.Ct. 759, 85 L.Ed. 1055, are leading cases establishing the rule that "the dominant pur-

---

[2] Jennings v. Commissioner, 5 Cir., 110 F.2d 945.

[3] 26 U.S.C.A. Internal Revenue Code, § 181.

pose of the revenue laws is the taxation of income to those who earn or otherwise create the right to receive it and enjoy the benefit of it when paid". The Tower and Lusthaus cases merely apply the rule to situations where the Tax Court has found that individuals are attempting through pseudo-partnerships to do the forbidden thing, separate earner from income, the tree from its fruits.

Of the cases following in the train and applying the rule of the earlier Supreme Court decisions where individual taxpayers undertook to, but did not succeed in, avoiding this dominant purpose, Saenger v. Commissioner, 5 Cir., 69 F.2d 631, is one of the earliest and most interesting of the great number which have been decided by this court. Two brothers, who had constituted a universal partnership, undertook to dissolve the partnership and transfer to a corporation they had formed all rights to their future services and the compensation they might receive therefrom. Their argument, that they were not, within the rule of the Earl case, assigning future earnings but were in effect assigning themselves to the corporation, was completely rejected in an opinion pointing out its fallacies, and the wide scope and sweeping character of the Lucas-Earl rule.

In Villere v. Commissioner, 5 Cir., 133 F.2d 905, two brothers agreed that the salaries and other earnings of each should be pooled and divided equally. We held that this contract did not constitute a true partnership but was merely an anticipatory assignment of income which, when it accrued, would belong to the one who earned it and must be taxed accordingly.

In Schroder v. Commissioner, 5 Cir., 134 F.2d 346, the taxpayer's plan for dividing his future earnings with his wife took the form of a marital partnership. The Board found that no business partnership was formed, only a partnership in tax avoidance, and this court affirmed the Board.

■ Here Barnes neither needed nor obtained the services, skill, money or credit of his minor daughters. On the face of the record, they had none to contribute. Needing and receiving from them none of these essentials to the formation of a business partnership, needing only to divide his income from the business with them, Barnes confected this arrangement for the sole purpose of doing so. The record standing thus, as to Barnes, it is upon the plainest principles manifest that the findings and order of the Tax Court as to him were not merely supported, but were demanded, by the evidence.

■ Scherf's case, while making a little better appearance, is in its substance the same. It is true that those with whom he chose to divide his earnings were adult sons, one of them already in business and capable of being a real partner, but it is equally true that in the tax year in question neither of the sons furnished or expected to furnish to the business any new capital or skill, or any new or substantial service, and that the facts in this case add up to nothing more than an arrangement where after May 16th, Scherf would divide with his sons, as Barnes would divide with his daughters, his share of the earnings from the business.

If the business, instead of belonging to the partnership, of Scherf and Barnes, had been the business of Scherf alone, it certainly could not be contended that by going through the form of making a gift of an interest in his business to his sons, Scherf had at all changed the dominant fact for tax purposes that the business was his and that for the balance of the year the income in the year in question from the business was, and continued for tax purposes to be, his. The fact that instead of owning the business and running it by himself, Scherf had a partner, is of no significance to change the fact that through the form of giving his sons an interest in his share of the partnership he was in substance for the year in question dividing his income with them in order to reduce his tax burdens.

Whatever the case may be as to contributions made by Scherf's sons in years following 1940, the tax year in question, and their effect to make the partnership as to them a real one for tax purposes for those years, we think it may not be doubted that, as to 1940, the Tax Court's findings and order as to Scherf find full support in the evidence. Indeed, it may well be doubted whether on this record any other findings and order could have been made. The decisions were right. They are affirmed.