**DE LONG v. ALLEN, Collector of Internal Revenue.**

No. 305-M.

United States District Court
M. D. Georgia
Macon Division.
May 28, 1948.

Wheeler, Robinson & Thurmond, of Gainesville, Ga., for plaintiff.

Theron Lamar Caudle, Asst. to Atty. Gen., Andrew D. Sharpe and Homer R. Miller, Sp. Assts. to Atty. Gen., and John P. Cowart, U. S. Atty., and T. Reese Watkins, Asst. to U. S. Atty., both of Macon, Ga., for respondent.

RUSSELL, District Judge.

This is a suit by F. W. DeLong, Sr., seeking recovery of $4,365.61, plus interest, alleged to have been wrongfully assessed and collected because of rejection by the Commissioner of Internal Revenue of the Complainant's individual return for the taxable year 1941 upon the ground that the complainant had returned only one-fifth of the income of his business, when actually he was taxable upon the entire income.

### Findings of Fact.

F. W. DeLong, Sr., hereinafter referred to as taxpayer, since 1921 had been operating the DeLong Auto Supply Company of Gainesville, Georgia, in which he engaged in the sale of new and second-hand automobiles and trucks, supplies and accessories, and in repairing cars. His family (all of whom lived together in the same home), consisted of himself, his wife, and three sons.

Taxpayer was married in 1918. He and his wife had very meager resources, and these were pooled and she continued working at her former employment for several months, turning over her check to her husband who deposited it in his personal account. Through other savings and accumulations the business referred to above was started with a capital of $2,000. Three sons (each of whom appear from the evidence to be splendid young men) were born to the taxpayer and his wife. Taxpayer's wife during the early years, performed all of the household duties and occasionally helped in the store, and as soon as the boys were large enough to perform any service at the place of business, they worked there after school hours and during vacation. Taxpayer and his wife discussed taking them into the business and planned to do so.

During Christmas of 1940 the entire family discussed the formation of a partnership and all agreed upon it, it being understood that each of the parties would have an equal interest therein with the father and mother.

On May 5, 1941, taxpayer, his wife and three sons, entered into a written contract of partnership for the future operation of the business. This partnership was to continue for a term of five years and was made effective as of January 1, 1941. At this time the sons names and ages were: Frank Jr., age 21; James M., age 20; and Harold, age 19. At this time Frank, Jr., was in the military service and had been since 1939. Prior to going into the service, he had been paid a salary of less than "one hundred dollars per month," which taxpayer thought was $60. James was at home and working in the business, being paid a salary of $40 every two weeks. Harold drew nothing. Taxpayer drew a salary of $350 per month. His wife drew no salary, though in 1941 her services became more frequent because her household duties had become lessened and help at the store had been lost on account of the war. Beginning in 1942, she drew sixty or seventy dollars per month which she used to keep up household expenses along with one-half of the monthly salary of the taxpayer which he gave to his wife for household expenses.

The agreement entered into as above stated need be incorporated in these findings only by reference—it is complainant's Exhibit 1 in the record, and some features thereof which will be referred to.

While the facts found as to the conduct and transactions of the parties prior to the date of the execution of the contract may throw some light upon the surroundings and situation antecedent to the contract, their materiality is seriously weakened, if not destroyed, by the provisions of paragraph 3 of the contract as follows: "The capital requisite for carrying on said business shall be the capital now employed in the operation and management of said business by Frank W. DeLong, Sr., *who is recognized as the sole owner thereof* and up to the value of the assets now used in said business he is to be reimbursed out of the future earnings and profits of

this partnership before any of the capital below the sum of ($61,637.47) Sixty-One thousand Six Hundred thirty seven and 47/100 dollars shall be divided to the other parties hereto." (Italics supplied).

Under the agreement, the capital assets of the business were not given to the wife and sons but were conveyed to the partnership subject to the provision of paragraph 3 of the contract quoted herein, and the provision of paragraph 8 thereof as follows:

"That upon dissolution of the partnership, its assets shall be divided upon the following basis:

"Frank W. DeLong shall receive for the value of the principal that he now has invested in said business at the sum of ($61,637.47) Sixty One thousand Six Hundred Thirty Seven and 47/100 dollars, and that after he has received this amount all assets over and above this amount shall be divided equally between the parties hereto."

Paragraph 11 of the contract provides: "That Frank W. DeLong, Sr., shall have the right to dissolve this partnership at any time he may deem advisable by giving to the other parties hereto thirty days notice in the form of a letter directed to the last known address of all of the other parties hereto or hand it to them personally and at the end of thirty days after such notice all partnership rights except for liquidation shall thereupon terminate and the said Frank W. DeLong, Sr., shall have the right to liquidate the assets and to distribute the same in accordance with the terms of this agreement."

Paragraphs 15 and 16 are as follows:

"15. Until otherwise specifically provided Frank W. DeLong, Sr., is hereby vested with power and authority to hire and fire or employ and discharge such help as he may deem necessary in the conduct of said business and to purchase such equipment as may be suited to the needs of said business or necessary for its operation and to borrow money from time to time for the conduct of its business or to sell either at public or private sale any part of the property belonging to said business and to convey the same without the right of the partnership or any of its members reclaiming title thereto."

"16. Subject to the right of being reimbursed in the manner and to the extent as hereinbefore provided the said Frank W. DeLong, Sr., now by these presents does convey all of the personal assets of the DeLong Auto Supply Company to this partnership and the partnership hereby assumed all debts and obligations of every kind now owing by said DeLong Auto Supply Company."

No additional capital was furnished by any of the parties at this time, and the services rendered by each of the parties to the agreement was substantially identical after the execution of the contract with those which had been performed prior to such time.

During the existence of the business, and at all times, the taxpayer was the real manager and producer, held himself out as "owner and general manager"; title to the real estate was in his name, and it is clear from the evidence that he was in actual control and had sole management of, the business, as is usual in any case where the husband is in a business, even though assisted by his wife and sons in clerical capacities. All the family lived together in the same home.

Taxpayer in the year 1941 purchased property with funds of the partnership and took the deed in his own name. However, this was entered on the books as an asset of the partnership, as was the real estate theretofore owned by him individually, title to which was not changed as related above.

State and County tax returns were still made in the name of DeLong Auto Supply Company by F. W. DeLong, Sr., as owner, and the companies carrying fire insurance on the business property were not notified of any change in the business relationship. There is some contention that taxpayer and his wife considered themselves partners in a sense prior to 1941, but he testified that his contention was not that "she was legally a partner prior to 1941." No part-

nership books were kept prior to 1941, and taxpayer testified that the formation of the partnership did not make any substantial change in the relative duties of each individual.

## Conclusions of Law.

This Court has jurisdiction of the parties and the subject matter.

No extended discussion is necessary. As the controlling decisions are construed, it matters not that the partnership is a valid one as between the parties. Under the statute and the decisions if, as between members of a family there results from the formation of a partnership, as in this case, not even a gift of the assets of the pre-existing business, but merely what is in effect a conveyance of the right to the use and enjoyment of such assets by the partnership subject to the unqualified right of termination by the former owner, so that only the income produced therefrom (in the same manner as theretofore), by the father and head of the family is divided among the partners, and the circumstances are such that the partnership could not legally be expected to effect any change in the operation of the business, or in the party who actually produced its income, and there is no new contribution of capital or skill, or any new or substantial service, and in fact no change in the conduct of the business from the conditions existing prior to the formation of the partnership, the fact of such formation is insufficient to relieve the father and chief producer of the income from liability for the payment of income taxes upon the net earnings produced by him and the business as before. Commissioner v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670, 164 A.L.R. 1135; Lusthaus v. Commissioner, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679; Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788; Sherf v. Commissioner, 161 F.2d 497, and cases cited; Earp v. Jones, 10 Cir., 131 F.2d 292.

It follows that the complainant shows no right to recover and judgment must go in favor of the defendant. Such judgment may be presented after notice.