COMMISSIONER OF INTERNAL REVENUE *v.*
FISHER ET AL., EXECUTORS.

No. 452.  Argued February 27, 1946.—Decided March 11, 1946.

*Walter J. Cummings, Jr.* argued the cause for petitioner.
With him on the brief were *Solicitor General McGrath,*

*Acting Assistant Attorney General Sewall Key, Robert N. Anderson* and *Hilbert P. Zarky.*

*R. M. O'Hara* argued the cause for respondents. With him on the brief was *Benjamin E. Jaffe.*

MR. JUSTICE BLACK delivered the opinion of the Court.

In 1934 the Senior Investment Corporation, organized in 1929 by one Fisher and his wife for family investment purposes, distributed to Fisher 43,300 shares of General Motors stock valued at $1,723,881.25. Fisher and his wife made a joint tax return but did not report this amount as income. The taxpayers contended that since the Senior Investment Corporation showed a book deficit for 1934, the distribution in question was a "capital distribution" and not a corporate dividend from "earnings or profits," which latter was the type of distribution taxable under § 115 (a) of the then controlling tax law. 48 Stat. 680, 711. The Commissioner decided that the following circumstances justified a finding that the distribution was taxable as a dividend from "earnings or profits": When the Senior Investment Corporation was organized Fisher and his wife paid for their shares of stock with securities which had cost them $14,500,000 but had by the date of organization acquired a market value of $88,000,000. To show that the corporation had a deficit and that consequently the distribution of General Motors stock was not from "earnings or profits," the taxpayers used the corporation's computation based on the $88,000,000 rather than the $14,500,000 figure. The Commissioner decided that the $14,500,000 cost to Fisher and his wife of the securities they transferred to the corporation in exchange for shares of its stock was the proper base for ascertaining whether the corporation could make a distribution from profits; that the use of that figure would show a surplus in 1934; and that the distribution of the General Motors

stock was therefore a taxable dividend from "earnings or profits." On review the Tax Court following its prior holdings rejected the Commissioner's argument and decided for the respondents. The Circuit Court of Appeals affirmed. 150 F. 2d 198.

Since § 112 of the Revenue Act of 1934 did not tax the gain resulting from transfers of property to a corporation in exchange for stock in that corporation, it is obvious that rejection of the Commissioner's contention would result in permitting the § 112 exemption to be used as a device for evading taxes Congress intended to impose on many gains actually realized from sales of property. But we upheld the views urged by the Commissioner here, in *Commissioner* v. *Wheeler*, 324 U. S. 542, decided on the same day that the Circuit Court of Appeals handed down its decision in this case. In that case we held that in the Second Revenue Act of 1940, 54 Stat. 974, 1004–1005, Congress clarified its original purpose in enacting the 1934 Act and others to require that corporate earnings be computed on a basis of cost of the property to transferors like Fisher. That decision would have controlled the disposition of this case were it not for the fact that on rehearing the Circuit Court of Appeals held that a proviso in the Second Revenue Act of 1940 excepted taxpayers like Fisher from liability under the Revenue Act of 1934. That proviso stated that the 1940 Act should not "affect the tax liability of any taxpayer for any year which, on September 20, 1940, was pending before, or was theretofore determined by, the Board of Tax Appeals, or any court of the United States." This case was pending before the Tax Court on September 20, 1940, and respondents here contend that the proviso was intended to exempt Fisher from the tax liability to which he would otherwise be subject.

In other words, respondents assert that Congress intended by the proviso to pick out a small group of tax-

payers and award them special tax exemptions which the whole Act was designed to deny all other taxpayers who did not happen to have tax litigation pending in September 1940. The proviso indicates no such purpose. The proviso means what it says, that the enactment of the 1940 Act was not to affect the tax liability of those who had cases before the Board or courts, whatever that tax liability under the earlier revenue laws. Under those earlier laws as interpreted by us in the *Wheeler* case, the distribution of General Motors stock to Fisher imposed on him a tax liability which remained unaffected by the enactment of the 1940 statute.

*Reversed.*

MR. JUSTICE DOUGLAS, MR. JUSTICE MURPHY and MR. JUSTICE JACKSON took no part in the consideration or decision of this case.