1016

Charles BAER, Appellant, v. Joseph W. SANFORD, Warden, U. S. Penitentiary, Atlanta, Ga., Appellee.

No. 11568.

Circuit Court of Appeals, Fifth Circuit.

May 16, 1946.

No appearance for appellant.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger and John J. Flynt, Jr., Asst. U. S. Attys., all of Atlanta, Ga., for appellee.

Before HUTCHESON, HOLMES, and LEE, Circuit Judges.

PER CURIAM.

Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808, rules this case. On its authority the judgment appealed from is affirmed.

R. W. CAMFIELD, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 9872.

Circuit Court of Appeals, Sixth Circuit.

April 9, 1946.

E. H. McDermott and Allin H. Pierce, both of Chicago, Ill., for petitioner.

Sewall Key, of Washington, D. C., for respondent.

Before SIMONS, ALLEN, and MARTIN, Circuit Judges.

PER CURIAM.

This case was reargued and has also been reconsidered on the record and on the briefs of counsel; and it apearing that the findings of fact of the United States Tax Court are supported by substantial evidence and its conclusions justifiably drawn, and that the position of the petitioning taxpayer is less strong than was that of the petitioner in Commissioner v. Tower, 66 S.Ct. 532, decided February 25, 1946, the decision of the Tax Court is affirmed.

COMMISSIONER OF INTERNAL REVENUE v. Charles T. FISHER, Edward F. Fisher, and Leo M. Butzel, Executors of the Estate of Fred J. Fisher, and Burtha M. Fisher.

No. 9858.

Circuit Court of Appeals, Sixth Circuit.

April 16, 1946.

Sewall Key, of Washington, D. C., for petitioner.

Benjamin E. Jaffe and R. M. O'Hara, both of Detroit, Mich., for respondents.

Before HICKS, ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

It appearing to the Court that mandate of the Supreme Court was filed on April 15, 1946, said mandate directing that this case be remanded for further proceedings in conformity with the opinion of the Supreme Court, 66 S.Ct. 686.

It is therefore ordered that, pursuant to said mandate, the decision of the Tax Court of the United States in this cause be and the same is reversed and the cause is remanded to the Tax Court for further proceedings in accordance with the opinion of the Supreme Court.