## HOUGLAND v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10442.

Circuit Court of Appeals, Sixth Circuit.

March 22, 1948.

Charles I. Dawson, of Louisville, Ky. (Woodward, Dawson, Hobson & Fulton, Chas. I. Dawson, A. Shelby Winstead and Bernard H. Barnett, all of Louisville, Ky., on the brief), for petitioner.

Louise Foster, of Washington, D. C. (Theron L. Caudle, George A. Stinson, A. F. Prescott and S. Dee Hanson, all of Washington, D. C., on the brief), for respondent.

Before SIMONS, ALLEN, and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

The Tax Court held that the Commissioner of Internal Revenue rightly included in the gross income of the petitioner, Walter G. Hougland, Jr., all the income for the year 1940 from a partnership arrangement between petitioner and his mother and his wife.

The record shows that the petitioner, by means of the financial assistance of his father by whom he was employed, purchased a towboat for $158,000; and, under the name "Hougland's," engaged profitably in river transportation. In August 1939, about two years after his purchase of the towboat, petitioner sold a one-half interest therein to his mother. She delivered to him her promissory note in the face value of one-half of the cost of the towboat, less an agreed depreciation, and assumed joint liability with her son on three promissory notes, aggregating $30,000, which he had delivered to his father to cover the cash borrowed. The liability of his mother to petitioner, however, was to be discharged out of her share of the profits of the business.

On January 1, 1940, the petitioner and his mother "sold" a one-third interest in "Hougland's" to the wife of petitioner under virtually the same arrangements which had been made at the time petitioner sold a half interest to his mother. Neither the mother nor the wife had funds of their

own at the time of the respective transfers to them; nor was there any change in the management or control of the business by petitioner after these transfers were made. Neither the mother nor the wife contributed any vital services to the operation of the business.

 These facts were found by the Tax Court upon substantial evidence, and plainly bring the case within the ambit of Commissioner v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670, 164 A.L.R. 1135; for, as the Tax Court correctly stated, where the members of an immediate family unit enter into a partnership arrangement and the capital invested in the business originates with only one member of the unit, who has the sole voice in the management and control of the business, the others contributing no vital services to its operation, the partnership is not to be recognized for federal income tax purposes.

Since the announcement of the opinions in Commissioner v. Tower, supra, and Lusthaus v. Commissioner, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679, decided on the same day, this court has, upon many occasions in family-partnership tax reviews, applied the principles set forth in the Tower and Lusthaus cases adversely to contentions similar to and sometimes stronger than those made by the petitioner in the instant case. See, for example: Lowry v. Commissioner of Internal Revenue, 6 Cir., 154 F.2d 448, certiorari denied, 329 U.S. 725, 67 S.Ct. 73; Thorrez v. Commissioner of Internal Revenue, 6 Cir., 155 F.2d 791; Dawson v. Commissioner of Internal Revenue, 6 Cir., 163 F.2d 664. Per curiam opinions in Lorenz v. Commissioner of Internal Revenue, 6 Cir., 148 F.2d 527, certiorari denied, 327 U.S. 786, 66 S.Ct. 703, 90 L.Ed. 1012; Camfield v. Commissioner of Internal Revenue, 6 Cir., 154 F.2d 1016; Livie v. Commissioner of Internal Revenue, 6 Cir., 155 F.2d 728; Ewing v. Commissioner of Internal Revenue, 6 Cir., 157 F.2d 679; DeKorse v. Commissioner of Internal Revenue, 6 Cir., 158 F.2d 801; Schreiber v. Commissioner of Internal Revenue, 6 Cir., 160 F.2d 108.

The decisions of the Tax Court are affirmed.