### DAVIS v. UNITED STATES.

### No. 10832.

United States Court of Appeals
Sixth Circuit.

June 2, 1949.

Lewis Donelson, III, Memphis, Tenn., Snowden, Davis, Brown, McCloy & Donelson, Memphis, Tenn., for appellant.

S. Dee Hanson, Washington, D. C., John Brown, Memphis, Tenn., Theron L. Caudle, Charles Oliphant, George A. Stinson and Ellis N. Slack, Washington, D. C., for appellee.

Before HICKS, Chief Judge, and ALLen and MARTIN, Circuit Judges.

PER CURIAM.

This appeal by the taxpayer from the judgment of the district court dismissing his action brought to recover federal income taxes alleged to have been erroneously and illegally assessed and collected came on to be heard upon the record and upon the briefs and oral arguments of the attorneys for the parties;

And it appearing that, as found by the district court upon substantial evidence, appellant informally gave his twenty-one-year-old daughter a one-tenth interest in his individually owned business, which rested upon the ownership of a tugboat and barges and was operated under the name "Marine Transportation Company", and about two and a half weeks later appellant entered into a partnership agreement with his daughter evidenced by writing, in which he reserved to himself "the absolute, unquestioned right, at any time he may so desire," to purchase her one-tenth interest at its net value at the time of the exercise of his option; and it appearing further that after the execution of the partnership agreement the business was conducted and operated in the same manner and under the same conditions as before, in that appellant continued to exercise exclusive control with respect to policies, finances and supervision;

And it appearing, moreover, that the daughter contributed only minor services

to the business, such as writing an occasional letter and making bank deposits from time to time, and that she has never drawn a one-tenth distributive share of the profits but has received only relatively small and irregular payments; and it being manifest that the daughter invested in the business no capital originating with her, contributed no vital services in the operation of the business and had no voice in its management and control, we confront a situation governed by the principles enunciated in Commissioner v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670, 164 A.L.R. 1135, and Lusthaus v. Commissioner, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679, which were followed by this court in Hougland v. Commissioner of Internal Revenue, 6 Cir., 166 F.2d 815, and numerous other cases, many of which are there cited;

The judgment of the district court is affirmed.