DEAN TRUCK LINES, INC., et al., Petitioners,

v.

INTERSTATE COMMERCE COMMISSION and United States of America, Respondents.

No. 81–4187.

United States Court of Appeals, Fifth Circuit.

Aug. 30, 1982.

---

* The decision herein makes moot the motion of the appellant for reduction of bond pending disposition of this appeal.

Thomas A. Stroud, Memphis, Tenn., Donald B. Morrison, Jackson, Miss., for petitioners.

Sidney L. Strickland, Jr., Colleen J. Bombardier, I.C.C., Margaret G. Halpern, Robert B. Nicholson, Dept. of Justice, Antitrust Div., Washington, D.C., for respondent.

John P. Carlton, Birmingham, Ala., for Brown Transport Co.

Before BROWN, RUBIN and REAVLEY, Circuit Judges.

PER CURIAM:

Apparently losing some of its joint-line revenue due to the expanding operations of its competitors and a decline in joint-line arrangements, Brown Transport Corp. ("Brown"), a large motor common carrier serving Atlanta and points east, sought authority to serve points west of Atlanta in Alabama, Mississippi and eastern Louisiana along 20 regular routes, most intermediate points and all points in the three states as off-route points. The administrative law judge ("ALJ"), purporting to apply the Motor Carrier Act of 1980, 49 U.S.C. § 10101 *et seq.*, granted all of Brown's application except for a portion that he concluded could impair the operation of various small distribution carriers. On administrative appeal, a division of the Interstate Commerce Commission (the "Commission"), applying both the 1980 Act and the pre-1980 law, 49 U.S.C. § 307(a) (1976) (repealed) (current version at 49 U.S.C. § 10922), corrected the ALJ on the placing of burdens under the 1980 Act and then granted the entire application. Petitioners (collectively "Dean") appeal the Commission's final order, principally arguing that the Commission failed to make adequate findings. We affirm the Commission's decision.

Dean concedes that the 1980 law applies under our holding in *Central Freight Lines, Inc. v. United States*, 669 F.2d 1063 (5th Cir. 1982). It follows that the burden was on Dean, not Brown, to prove that the proposed service "is inconsistent with the public convenience and necessity." Dean is reduced to the argument that the Commission has not articulated the factual basis for rejecting its contention that small communities will be harmed by the grant of Brown's application.

The Commission pointed out the error of the ALJ in misapplying the burden and charging Brown with the lack of evidence on the effect on small communities if protesting carriers failed. The Commission found:

The effect of a grant of the sought authority on protestants as discussed in Part I above, revealed that none stood to suffer material adverse harm contrary to the public interest. Consequently, the record does not show that the detriments which might result to protestants from a grant of the sought authority outweigh the benefits accuring [sic] to the shipping and consuming public from such a grant.

Additionally, we are not convinced that a grant of this application will have a harmful effect on small communities. The fear of a decrease in service is merely speculative and not supported by the evidence presented.

The principles governing the clarity required of a Commission decision are variously stated: "The Commission's decision need not be 'crystalline;' it is sufficient if the opinion 'enable[s] the parties and this court to understand the decision granting the applications.'" *Trailways, Inc. v. Interstate Commerce Comm'n*, 681 F.2d 252, 254 (5th Cir. 1982) (quoting cases). "[T]he Commission is not compelled to annotate to each finding the evidence supporting it." *United States v. Pierce Auto Freight Lines*, 327 U.S. 512, 529, 66 S.Ct. 687, 695, 90 L.Ed. 818 (1945). "[W]e will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Bowman Transp., Inc. v. Arkansas-Best Freight Lines*, 419 U.S. 281, 286, 95 S.Ct. 438, 442, 42 L.Ed.2d 447 (1974). *See generally, Erie Lackawanna R.R. Co. v. United States*, 279 F.Supp. 316, 354–55 (S.D.N.Y.1967) (no requirement that administrative adjudication and judicial review be dragged out "in a nigh endless game of battledoor and shuttlecock with respect to subsidiary findings").

The ultimate inquiry is whether the administrative agency provides an adequate explanation of the basis for the action taken, *Central Freight Lines*, 669 F.2d at 1074, with a rationale clear enough to enable a court to satisfy itself that the agency has performed its function. *Alamo Exp., Inc. v. I.C.C.*, 673 F.2d 852, 860 (5th Cir. 1982). The adequacy of the findings and rationale depend upon the evidence before the agency and upon the disputed issues which that evidence required the agency to resolve.

Looking at the record filed with us, we have no difficulty in holding that the Commission's rationale was adequately stated. The witnesses for protestants simply expressed concern for the effect upon them of Brown's interline competition, and some of them added that they would be forced to close terminals if they were hurt too much—thereby eroding overall ability to service some points within the territory. The Commission's decision meets the evidence before it, the burden lying where it did.

In its opinion the Commission made adequate findings and adequately stated its rationale for granting Brown's application. The Commission found persuasive Brown's evidence of both its fitness and a public need for the proposed service, *see* Commission opinion at 4, and found unpersuasive Dean's evidence that the service would endanger the operations of existing carriers contrary to the public interest, *see* Commission opinion at 2. The Commission concluded "that the benefits to be realized by the shipping and receiving public by grant of authority to applicant here outweigh any detriment which any protestant might experience."

The order of the Commissions granting Brown's application is AFFIRMED.